THE HONORABLE FRED Van SICKLE

Darrell L. Cochran
Thaddeus P. Martin
Gordon, Thomas, Honeywell, Malanca, Peterson & Daheim LLP
1201 Pacific Avenue, Suite 2100
Post Office Box 1157
Tacoma WA 98401-1157

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NICOLE LOGAN,<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF PULLMAN, a governmental entity; and DON HEROFF; DAN HARGRAVES; MIKE SONTGERATH and RUBEN HARRIS, individually and as employees of the City of Pullman; and unknown JOHN DOES,<br><br>Defendants. | NO. CS-04-0214-FVS<br><br>PLAINTIFF'S MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES TO AMEND COMPLAINT, JOIN PARTIES UNDER FRCP 20(a), AND VOLUNTARILY DISMISS DEFENDANT MIKE SONTGERATH UNDER FRCP 41(a)(2)<br><br>HEARING DATE: February 24, 2005 |

## I.   INTRODUCTION AND RELIEF REQUESTED

Plaintiff respectfully requests that this Court, pursuant to FRCP 15(a), grant leave for plaintiff to amend her complaint in the above-entitled action to add parties plaintiff, add parties defendant who are already defendants in the *Arnold* matter, and conform to the substance of the complaint that was filed in

PL'S MOT AMEND/JOIN PARTIES/DISMISS SONTGERATH - 1 of 10
(CS-04-0214-FVS)
[1292495.doc]25726-01

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

the *Arnold* matter.[1] This motion should be granted for at least two reasons. First, by the time that this Court is set to rule on plaintiffs' motion to amend, the waiting period that follows the filing of a tort claim form will have passed, and it will be proper and timely for the new plaintiffs to file and serve their claims against defendants. Second, for the sake of judicial economy, Ms. Logan's claims and those of the additional plaintiffs should be tried together, in a single proceeding. Plaintiffs also move this Court for an order voluntarily dismissing Mike Sontgerath.

## II. STATEMENT OF FACTS

On September 8, 2002, several members of the City of Pullman Police Department intentionally, indifferently, and/or negligently injured hundreds of persons when they responded to an isolated disturbance call at the "Top of China" restaurant by discharging multiple canisters of pepper spray, and possibly other chemicals, on innocent and unsuspecting attendees. This unlawful use of police force resulted in harm and violated the civil rights of those present. This lawsuit aims to prevent future unlawful conduct by the Pullman Police Department and to make whole the victims of this wrongdoing. This Court provided in its Status Conference Order that plaintiff would have ninety (90)

---

[1] See *Arnold, et al. v. City of Pullman, et al.*, CS-03-0335-FVS.

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

days from date of the order to add new plaintiffs. *See* Cochran Dec., Exh. A (*Logan* Scheduling Order). The new plaintiffs include individuals who were similarly injured and similarly situated to the existing plaintiffs. The additional defendants are already defendants in the existing *Arnold* case, which includes officers who were involved in the negligent and excessive use of force that occurred on or about September 7–8, 2002.

The additional plaintiffs include the following individuals:

1. Jessica Albright;
2. Marissa Blacknall;
3. Tiffany Brinkley;
4. Charina Carothers;
5. Shane Colt Cassell;
6. Cicely Clinkenbeard;
7. Shamar Cotton;
8. Derrick Dillion;
9. Autumn Tiquan Ellis;
10. Allateef Muhammad Faaizah Fard;
11. Blen Fisseha;
12. Demetrius Deron Ford;
13. Devonn Ford;
14. Hilda Galvan;
15. Trina Gayles;
16. DeShawnte Graves;

PL'S MOT AMEND/JOIN PARTIES/DISMISS SONTGERATH - 3 of 10
(CS-04-0214-FVS)
[1292495.doc]25726-01

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

| | |
|---|---|
| 17. | Temesgen Habte; |
| 18. | Kinita Harris; |
| 19. | Nicole Hatcher; |
| 20. | Nicole Higgins; |
| 21. | Andrew Christopher Hill; |
| 22. | Brandi Houston; |
| 23. | Jessica Hunnicutt; |
| 24. | LeMarr Kirk; |
| 25. | Mary Rose Lemm; |
| 26. | Marcus Marion; |
| 27. | Erin McMahon; |
| 28. | Christina McRae; |
| 29. | Veronica Mendez; |
| 30. | Nneka Njoku; |
| 31. | André Parker; |
| 32. | Rashaad Powell; |
| 33. | Jaime Radcliff; |
| 34. | Cecilia Skeete; |
| 35. | Milagros Thompson; |
| 36. | Alvin Tolliver; |
| 37. | Merhawi Tsehaye; |
| 38. | Zakiya Tyson; |
| 39. | Orvaughn Underwood; |
| 40. | Dacia Renee Wahl; |
| 41. | Orlando Winston; |

PL'S MOT AMEND/JOIN PARTIES/DISMISS SONTGERATH - 4 of 10
(CS-04-0214-FVS)
[1292495.doc]25726-01

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

42. Carolyn Wright; and

43. Dazzaleena Wright.

Additional defendants include the CITY OF PULLMAN POLICE DEPARTMENT, THEODORE WEATHERLY, and ANDREW WILSON. These defendants are already named defendants in the action entitled, *Arnold, et al. v. City of Pullman, et al.*, CS-03-0335-FVS. *See Arnold* Complaint. The *Arnold* and *Logan* matters contain identical allegations, and the plaintiffs in the respective actions intend to file a motion to consolidate these matters into the *Logan* case, in the interest of judicial economy and to conserve the resources of all parties. A draft amended complaint is attached; it is substantially the same as the original complaint filed in the *Arnold* matter, the main exception being the caption. *See* Cochran Dec., Exh. B (Proposed Amended Complaint).

There should be no prejudice to the defendants by the amendment of this complaint. Discovery is ongoing in this matter, and the liability claims of the additional plaintiffs and the defendants are exactly the same. If the amendment were not allowed, the additional plaintiffs would have to file their claims in a third, separate, proceeding. Forcing the plaintiffs to litigate in three different cases would waste judicial resources and would make little, if any, sense. This

PL'S MOT AMEND/JOIN PARTIES/DISMISS SONTGERATH - 5 of 10
(CS-04-0214-FVS)
[1292495.doc]25726-01

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

Court should, thus, grant plaintiff leave to amend their complaint to add the remaining party plaintiffs.[2]

### III. EVIDENCE RELIED UPON

Declaration of Darrell L. Cochran, with attached exhibits.

### IV. ARGUMENT AND AUTHORITY

Leave to amend a complaint shall be freely given when justice so requires. FED. R. CIV. PROC. 15(a). The purpose of this well-known axiom is to provide the maximum opportunity for each claim to be decided on its merits, rather than on procedural technicalities. *See, e.g., Foman v. Davis*, 371 U.S. 178, 181–82, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *see also Siegel v. Converters Trans., Inc.*, 714 F.2d 213, 216 (2nd Cir. 1983) (holding that amendment and relation back was proper where, *inter alia*, the gist of the original complaint and the amended complaint was the same and there was no prejudice in the amendment of the complaint). The amendment of a pleading relates back to the date of the original pleading when the amended claim arose out of the conduct, transaction, or occurrence set forth in the original pleading. *See* FED. R. CIV. PROC. 15(c). Without a showing of undue prejudice, a refusal to grant leave to amend may constitute an abuse of discretion. *See, e.g., Tagliani v. Colwell*, 10

---

[2] Should this Court grant leave to amend, plaintiffs will file and serve their amended complaint upon defendants.

PL'S MOT AMEND/JOIN PARTIES/DISMISS SONTGERATH - 6 of 10
(CS-04-0214-FVS)
[1292495.doc]25726-01

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

Wn. App. 227, 517 P.2d 207 (1973) (reversing denial of motion for leave to amend complaint). Where there is no surprise shown, the trial court will be justified in permitting an amendment without granting a continuance of any kind. *See, e.g., Raffensperger v. Towne*, 59 Wn.2d 731, 737, 370 P.2d 593 (1962).

The rules also provide that it is proper for additional parties plaintiff to be joined when "they assert any right to relief ... arising out of the same transaction, occurrence, or series of transactions or occurrences and if any questions of law or fact common to all these persons will arise in the action." FED. R. CIV. P. 20(a). The rules similarly provide that additional defendants are properly joined when the plaintiffs assert "any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a). The claims of the additional plaintiffs are identical, arising out of the same single incident that injured Ms. Logan.

In addition, the Court should grant plaintiff's request to voluntarily dismiss all claims against Mike Sontgerath, without costs or fees to either party.[3] The civil rules provide that a plaintiff may move for an order dismissing certain

PL'S MOT AMEND/JOIN PARTIES/DISMISS SONTGERATH - 7 of 10
(CS-04-0214-FVS)
[1292495.doc]25726-01

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

claims as the court deems proper. *See* Fed. R. Civ. P. 41(a)(2). Although defendant Sontgerath has advanced a counterclaim against plaintiff Logan, this counterclaim should not impede a CR 41 dismissal. Defendant Sontgerath's counterclaim is the kind of claim that can be brought separately, and may be adjudicated independently. As such, this Court should grant plaintiff's request to voluntarily dismiss all claims against Mike Sontgerath.

There is no prejudice, nor any reason to deny the amendment of this complaint.[4] Allowing plaintiff to amend her complaint to add these additional party plaintiffs will create no prejudice of any kind. Rather, such an amendment will create a substantial benefit to all parties and to the Court. Plaintiffs and defendants will thus be able to resolve these claims together in the *Logan* case, substantially conserving the resources of the parties. Additionally, the Court will be able to avoid duplicative motions and pleadings as these claims proceed to trial.

## V. CONCLUSION

For the reasons set forth above, plaintiff respectfully requests that this Court enter an order allowing plaintiff to amend the complaint to add parties

---

[3] Plaintiff reserves her right to withdraw her request for voluntary nonsuit should the Court or defendants propose that any terms or costs be awarded.

[4] Federal courts have held that "when any defendant appears generally in an action, he is deemed to have made an appearance with the knowledge that amendments are granted liberally and will be allowed and freely given

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

plaintiff, add parties defendant, and conform to the substance of the complaint that was filed in the *Arnold* matter.

Dated this 21st day of January, 2005.

GORDON, THOMAS, HONEYWELL,
MALANCA, PETERSON & DAHEIM LLP

By /s/
Darrell L. Cochran, WSBA No. 22851
dcochran@gth-law.com
Thaddeus P. Martin, WSBA No. 28175
tmartin@gth-law.com
Attorneys for Plaintiff

---

when justice requires it." *Donnelly Garment Co. v. Int'l. Ladies' Garment Workers' Union*, 47 F.Supp. 61, 63 (W.D. Mo. 1941).

PL'S MOT AMEND/JOIN PARTIES/DISMISS SONTGERATH - 9 of 10
(CS-04-0214-FVS)
[1292495.doc]25726-01

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 24, 2005, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

(1) Andrew George Cooley at acooley@kbmlawyers.com;

(2) Stewart Andrew Estes at sestes@kbmlawyers.com; and

(3) Kimberly J. Waldbaum at kwaldbaum@kbmlawyers.com.

s/ _____

Darrell L. Cochran, WSBA No. 22851
Thaddeus P. Martin, WSBA No. 28175
Attorneys for Plaintiffs
Gordon, Thomas, Honeywell, Malanca, Peterson & Daheim LLP
1201 Pacific Avenue, Suite 2100
Post Office Box 1157
Tacoma WA  98401-1157
Telephone: (253) 620-6500
Fax: (253) 620-6565
E-mail:     dcochran@gth-law.com
            tmartin@gth-law.com

PL'S MOT AMEND/JOIN PARTIES/DISMISS SONTGERATH - 10 of 10
(CS-04-0214-FVS)
[1292495.doc]25726-01

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA, PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565