UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NICOLE LOGAN et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>CITY OF PULLMAN, et al.,<br><br>        Defendants. | No. CV-04-214-FVS<br><br><br>ORDER |

**BEFORE THE COURT** is Defendants' Motion to Compel Plaintiffs to Produce Concealed Witness Julietta Jelivzkova (Ct. Rec. 148), Defendants' Motion to Dismiss Plaintiff Naziret Asgedom and for Default Judgment re: Defendants' Counterclaim or, in the Alternative, for Attorney Fees and Costs (Ct. Rec. 151), Defendants' Motion to Dismiss Plaintiff Milton Riley and for Default Judgment re: Defendants' Counterclaim or, in the Alternative, for Attorney Fees and Costs (Ct. Rec. 158), and Plaintiffs' Cross-Motion for Terms (Ct. Rec. 181). Defendants are represented by Andrew Cooley, Stewart Estes, and Kim Waldbaum. Plaintiffs are represented by Darrell Cochran and Thaddeus Martin. The Court has reviewed the entire file and is prepared to rule.

**RULING**

***Defendants' Motion to Compel Plaintiffs to Produce Concealed Witness Julietta Jelivzkova***

Although this is noted as a motion to compel, essentially, Defendants' motion seeks the contact information for Ms. Jelivkova, who was listed as a witness in Plaintiff Ninette Jone's response to

ORDER - 1

Defendants' discovery requests. During her deposition, Ms. Jones indicated she would provide Ms. Jelivzkova's telephone number to her attorneys so they could provide the information to defense counsel. Defendants contend Plaintiffs have failed to provide this information. Plaintiffs contend that when they obtain a working and valid telephone number for Ms. Jelivzkova, they will provide such to Defendants.

In light of these circumstances, the Court directs Plaintiffs to provide Ms. Jelivzkova's contact information to Defendants. To this extent, Defendants' motion is granted.

### *Defendants' Motion to Dismiss Plaintiff Naziret Asgedom and for Default Judgment re: Defendants' Counterclaim or, in the Alternative, for Attorney Fees and Costs*

Pursuant to Federal Rule of Civil Procedure 37(d), Defendants move to dismiss Ms. Asgedom's claims and to enter default judgment against Ms. Asgedom on Defendants' counter-claims on the basis that Ms. Asgedom failed to appear for her "properly noted deposition."[1] In addition, Defendants request attorney fees and costs incurred in both bringing this motion and appearing at Ms. Asgedom's deposition.

Rule 37(d) states, in pertinent part:

> If a party ... fails (1) to appear before the officer who is to take the deposition, after being served with proper notice ... the court ... may make such orders in regard to the failure as are just, and among others, it may take any

---

[1] Although Defendants allege Plaintiff Asgedom's deposition was properly noted, it appears from the parties' memorandums and affidavits that Defendants did not provide Plaintiff Asgedom with 20 days notice before her deposition as required by Federal Rule of Civil Procedure 26(a)(2).

ORDER - 2

> action authorized under subparagraphs (A), (B), and (C) of subdivision of (b)(2) of the rule.... In lieu of any order or in addition thereto, the court **shall** require the party failing to act or the attorney advising that party failing to act or th attorney advising that party or both pay the reasonable expenses, including attorney fees, caused by the failure **unless the court finds that the failure was substantially justified or that circumstances make an award of expenses unjust.**

Fed.R.Civ.P. 37(d) (emphasis added). Rule 37(b)(2)(C) provides that an order dismissing the action against a party who fails to appear for her deposition is a permissible remedy.

When Ms. Asgedom originally scheduled her deposition, she thought she could miss her scheduled class to accommodate Defendants' requested schedule. However, on the day of the scheduled deposition Ms. Asgedom's professor challenged her need to miss class and allegedly threatened to lower her grade if she skipped class to attend her deposition. Consequently, Ms. Asgedom remained in class instead of going to her deposition because she feared repercussions. As soon as she left class, she called her attorney, who then sent a letter to defense counsel explaining that the deposition needed to be rescheduled.

Considering these circumstances, dismissal of Plaintiff Asgedom's claims is not an appropriate remedy. Furthermore, the Court determines an award of costs and fees associated with bringing this motion is unjust because Defendants refused to accept Plaintiffs' offer to re-schedule Ms. Asgedom's deposition. Accordingly, Defendants' motion is denied.

//

//

ORDER - 3

***Defendants' Motion to Dismiss Plaintiff Milton Riley and for Default Judgment re: Defendants' Counterclaim or, in the Alternative, for Attorney Fees and Costs***

Pursuant to Rule 37(d), Defendants also request Mr. Riley's claims against Defendants be dismissed and that an order of default be entered against him with respect to Defendants' cross-claims, on the basis that he failed to appear for his deposition. In the alternative, Defendants seek costs and fees for bringing this motion and for appearing at the deposition to which Mr. Riley did not appear.

By letter, Plaintiffs informed defense counsel that Mr. Riley's original deposition date needed to be rescheduled because he was called up by the National Guard. When Plaintiffs' counsel learned Mr. Riley was scheduled to be deployed for Kuwait within a week, they informed defense counsel that Mr. Riley would be available for a video deposition and proposed three different dates. However, defense counsel advised that they were not available on such short notice. Instead, defense counsel noted Plaintiff Riley's deposition for a week later, knowing that this date fell after he was scheduled to be deployed. When Mr. Riley failed to appear, Defendants filed this motion.

After this motion was filed, Plaintiff Riley returned to the United States for a two-week leave from Kuwait and he flew to Washington in an attempt to accommodate a deposition. However, because defense counsel had already filed this motion, they did not respond to letters from Plaintiffs' counsel explaining that Mr. Riley was returning to Washington for a short period of time and could be

deposed.

Under the circumstances discussed above, the Court finds that Mr. Riley's failure to appear for his deposition was substantially justified since defense counsel scheduled the deposition after Mr. Riley's deployment. Dismissal of Plaintiff Riley's claims is clearly not an appropriate remedy. Furthermore, the Court determines an award of costs and fees associated with bringing this motion is unjust because Defendants refused to accept Plaintiffs' offer to re-schedule Mr. Riley's deposition when he returned from Kuwait. Accordingly, Defendants' motion is denied.

### *Plaintiffs' Cross-Motion for Terms*

In response to Defendants' motion regarding Plaintiff Milton Riley, Plaintiffs seek sanctions for Rule 11 violations against defense counsel Andrew Cooley, individually, and his firm.

Rule 11(c)(1)(A) provides strict procedural requirements for parties to follow when they move for sanctions under Rule 11. To comply with the rule, Plaintiffs were required to serve their Rule 11 motion on Defendants with a demand that they retract or suspend their allegedly offending behavior, and then allow at least 21 days before filing the motion. Fed.R.Civ.P. 11(c)(1)(A). Plaintiffs did not follow this procedure; they served and filed their Rule 11 motion on the same day. The 21-day hold is a mandatory prerequisite. *Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 789 (9th Cir. 2001). Since Plaintiffs failed to follow the required procedure, they are not entitled to an award of sanction. Accordingly, Plaintiffs' motion is denied.

**IT IS HEREBY ORDERED:**

1. Defendants' Motion to Compel Plaintiffs to Produce Concealed Witness Julietta Jelivzkova, **Ct. Rec. 148**, is **GRANTED**. Plaintiffs **shall** provide Defendants with the most current and accurate contact information known for Julietta Jelivzkova.

2. Defendants' Motion to Dismiss Plaintiff Naziret Asgedom and for Default Judgment re: Defendants' Counterclaim or, in the Alternative, for Attorney Fees and Costs, **Ct. Rec. 151**, is **DENIED.**

3. Defendants' Motion to Dismiss Plaintiff Milton Riley and for Default Judgment re: Defendants' Counterclaim or, in the Alternative, for Attorney Fees and Costs, **Ct. Rec. 158**, is **DENIED.**

4. Plaintiffs' Cross-Motion for Terms, **Ct. Rec. 181**, is **DENIED.**

5. Counsel for both Plaintiffs and Defendants **shall read Local Rule 83.1: Courtroom Practice and Civility.**

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this <u>20th</u> day of October, 2005.

> s/ Fred Van Sickle
> Fred Van Sickle
> United States District Judge

ORDER - 6