UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

NICOLE LOGAN, et al.,

        Plaintiffs,

    v.

CITY OF PULLMAN POLICE DEPARTMENT, et al.,

        Defendants.

No. CV-04-214-FVS

ORDER CERTIFYING CLASS ACTION

**BEFORE THE COURT** is Plaintiffs' Motion to Certify Class, Ct. Rec. 204. Plaintiffs are represented by Darrell Cochran and Thaddeus Martin. Defendants are represented by Andrew Cooley, Stewart Estes, Kim Waldbaum and Richard Jolley.

**BACKGROUND**

This is a Section 1983 action arising from the response of the City of Pullman Police Department to an altercation at the Top of China Restaurant and Attic Nightclub on September 8, 2002. Originally, there were two separate actions arising from these events. On May 20, 2005, the Court consolidated *Arnold, et al., v. City of Pullman, et al.*, CV-03-335-FVS, into this matter. There are now more than 90 named plaintiffs in this consolidated action. More than 70 plaintiffs have been deposed, along with numerous other witnesses. Plaintiffs move to certify this as a class action and propose the following class definition:

ORDER CERTIFYING CLASS ACTION - 1

>All individuals who were present at the premises known as the Top of China or the Attic on September 7, 2002, or September 8, 2002, who were adversely affected by the unlawful or tortuous use of chemical munitions, including but not limited to oleoresin capsicum, tear gas, CS or CN, and who were not then employed as law enforcement officers.

Alternatively, Plaintiffs propose the following class definitions:

>All individuals who were present on the **first floor** of the premises known as the Top of China or the Attic on September 7, 2002, or September 8, 2002, who were adversely affected by the unlawful or tortuous use of chemical munitions, including but not limited to oleoresin capsicum, tear gas, CS or CN, and who were not then employed as law enforcement officers.

>All individuals who were present on the **second floor** of the premises known as the Top of China or the Attic on September 7, 2002, or September 8, 2002, who were adversely affected by the unlawful or tortuous use of chemical munitions, including but not limited to oleoresin capsicum, tear gas, CS or CN, and who were not then employed as law enforcement officers.

>All individuals who were present on the **third floor** of the premises known as the Top of China or the Attic on September 7, 2002, or September 8, 2002, who were adversely affected by the unlawful or tortuous use of chemical munitions, including but not limited to oleoresin capsicum, tear gas, CS or CN, and who were not then employed as law enforcement officers.

**DISCUSSION**

To obtain class certification, initially Plaintiffs must satisfy the requirements of Federal Rule of Civil Procedure 23(a). Plaintiffs bear the burden of persuasion. *See Hannon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). Plaintiffs must demonstrate that (1) the class is so numerous that joinder of all members is impracticable ("numerosity"), (2) there are questions of law or fact common to the class ("commonality"), (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class ("typicality"), and (4) the representative parties will fairly and adequately protect the interests of the class ("adequacy of

representation"). *See e.g., Stanton v. Boeing, Co.*, 327 F.3d. 938, 953 (9th Cir. 2003). The second, third, and fourth elements tend to merge together. *Anchem Prods., Inc. v. Windsor*, 521 U.S. 591, 626 n. 20, 117 S.Ct. 2231, 2251 n. 20, 138 L.Ed.2d 689 (1997)(hereinafter *Anchem*). Taken together, these three requirements "serve as guideposts for determining whether maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Id.* (citation and internal quotations omitted). If Plaintiffs satisfy the four initial prerequisites imposed by Rule 23(a), Plaintiffs must also show that the action is maintainable under Rule 23(b)(1), (2), or (3). The Court must conduct a rigorous analysis to determine whether the requirements of Rule 23(a) and (b) have been met. *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982). If the Court is not fully satisfied, certification should be refused. *Id.* While the Court's analysis is rigorous, Rule 23 "confers broad discretion to determine whether a class should be certified, and to revisit that certification throughout the legal proceedings before the court." *Armstrong v. Davis*, 275 F.3d 849, 872 n. 28 (9th Cir. 2001).

### A. Rule 23(a) Requirements

The threshold task is to determine whether the proposed class satisfies the requirements of Rule 23(a) of the Federal Rules of Civil Procedure, which is applicable to all class actions.

//

ORDER CERTIFYING CLASS ACTION - 3

1. <u>Numerosity</u>

In order to satisfy the numerosity requirement, Plaintiffs must demonstrate "the class is so numerous that joinder of all members is impracticable[.]" Fed.R.Civ.P. 23(a)(1). Impracticable does not mean impossible; Plaintiffs need only show that it is extremely difficult or inconvenient to join all members of the class. *See e.g., Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909 (9th Cir. 1964). Numbers alone are not determinative of this question. *Daigle v. Shell Oil Co.*, 133 F.R.D. 600 (D.Colo. 1990); *Hum v. Dericks*, 162 F.R.D. 628 (D.Hawaii 1995). This determination must be made on a case-by-case basis and depends upon the specific facts and circumstances presented. *Jordon v. County of Los Angeles*, 669 F.2d 1311, 1319-20 (9th Cir. 1982), *vacated on other grounds,* 459 U.S. 810 (1983), *rev'd on other grounds on remand*, 713 F.2d 503 (9th Cir 1983), *amended on remand*, 726 F.2d. 1366 (9th Cir. 1984).

In the present case, the parties do not agree on the exact number of people were present at the Top of China on the night of the altercation at issue. Plaintiffs allege that between 300-600 people were present at the Top of China on the night in question. If there were even 300 members of the class, joinder would be impractical. Thus, the Court determines Plaintiffs have satisfied the numerosity requirement.

2. <u>Commonality</u>

A class has sufficient commonality "if there are questions of law or fact common to the class." Fed.R.Civ.P. 23(a)(2). Defendants argue Plaintiffs have failed to satisfy this requirement because some

ORDER CERTIFYING CLASS ACTION - 4

of the named Plaintiffs have testified they did not feel any effects of pepper spray, therein denying some of the allegations in the complaint. This argument is insufficient to defeat a finding of commonality.

Rule 23(a)(2) is a permissive rule; the commonality requirements are less rigorous than the companion requirements of 23(b)(3). *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). Not all questions of law and fact need to be common to satisfy the requirement. *Id.* "The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Id.* Given the allegation that the officers' use of chemical forces affected everyone in the building on the evening in question, there are questions of law and fact common to the proposed class. Thus, the class shares sufficient factual commonality to satisfy the minimal requirements of Rule 23(a)(2).

### 3. Typicality

Plaintiffs must prove the claims or defenses of the representative parties are typical of the claims or defenses of the class. Fed.R.Civ.P. 23(a)(3). As the Ninth Circuit has observed, "representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020.

Although Plaintiffs allege every individual was injured or harmed by the officers' conduct, Defendants argue Plaintiffs fail to meet the typicality requirement because each member of the lawsuit has a

ORDER CERTIFYING CLASS ACTION - 5

different factual situation that cannot be dispensed of in a class action.  For example, Defendants note that some Plaintiffs were downstairs when the officers arrived; others were upstairs and felt the effects of pepper spray; and others were outside when the officers arrived and did not feel any effects of pepper spray.  As the Defendants acknowledge, these factual variations will be most relevant if, and when, a jury is asked to calculate damages.  But, the fact that damages may vary among the members of the class does not defeat typicality.  As a general rule, typicality may exist even though "there is a disparity in the damages claimed by the representative parties and the other members of the class."  7A Charles A. Wright, Arthur R. Miller and Mary K. Kane, *Federal Practice & Procedure § 1764*, at 235-36 (2005).  Further, Defendants' argument that Plaintiffs' different factual situation prevent a finding of typicality is unpersuasive if the Court certifies the Plaintiffs' alternative class definitions, which separate the class members by their location within the building on the evening in question.  Thus, the Court determines Plaintiffs have satisfied the typicality requirement.

4.   Adequacy of Representation

Plaintiffs must demonstrate that "the representative parties will fairly and adequately protect the interests of the class."  Fed.R.Civ.P. 23(a)(4).  Adequate representation is essential to satisfy constitutional due process requirements because absent class members will be bound by any judgment entered in this action if a class is certified.  *Hanlon*, 150 F.3d at 1020.  Representation is

ORDER CERTIFYING CLASS ACTION - 6

considered adequate if the named plaintiffs and their attorneys do not have any conflicts with absent members and they will prosecute the action vigorously on behalf of the class. *Id.*

In this case, counsel for Plaintiffs have been involved in both the *Arnold* and *Logan* matters since the beginning of both actions and they contend that the *Arnold* Plaintiffs should serve as class representatives. The Court is aware of no improper conflicts of interest that would deny absent class members adequate representation. Defendants challenge the timing of this motion for class certification and argue that the late filing of such an important motion speaks to the adequacy of representation factor. However, the Court accepts Plaintiffs' proffered explanation for the delay in re-filing this motion after the *Logan* and *Arnold* actions were consolidated. Moreover, Plaintiffs' failure to move for certification sooner does not speak to the adequacy of representation factor. *See* 1 Newberg on Class Actions §3:43, pp. 546-47.

The Court finds counsel's prosecution of the case sufficiently vigorous to satisfy any Rule 23(a)(4) concerns. Plaintiffs' counsel is a regional firm that has been involved in both the *Logan* and *Arnold* actions since the very beginning. According to Plaintiffs, counsel has experience in prosecuting class actions and has the resources, background, and expertise to adequately represent the interests of the class.

### B.   *Rule 23(b) Requirements*

In addition to meeting the conditions imposed by Rule 23(a), Plaintiffs must also show that the action is maintainable under

ORDER CERTIFYING CLASS ACTION - 7

Federal Rule of Civil Procedure 23(b)(1), (2), or (3). *Hanlon*, 150 F.3d at 1022 (citation omitted). In this instance, Plaintiffs seek to maintain a class action under subsection (b)(3) and (b)(2). Rule 23(b)(2) permits a class action to be maintained if "final relief of an injunctive nature or of a corresponding declaratory nature, settling the legality of the behavior with respect to the class as a whole, is appropriate." Rules Advisory Committee Notes on (b)(2). Plaintiffs offer no specific support for why this action should be certified as a class action under Rule 23(b)(2). Thus, the Court declines to certify this class action under Rule 23(b)(2).

Certification under Rule 23(b)(3) is appropriate "whenever the actual interests of the parties can be served best settling their differences in a single action." *Hanlon*, 150 F.3d at 1022 (internal quotation marks omitted). To qualify for class certification under Rule 23(b)(3), a class must satisfy two conditions in addition to the Rule 23(a) prerequisites: "common questions must 'predominate over any questions affecting only individual members,' and class resolution must be 'superior to other available methods for the fair and efficient adjudication of the controversy.'" *Id.* (citing Fed.R.Civ.P. 23(b)(3)). The "predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Anchem*, 521 U.S. at 623, 117 S.Ct. 2231.

Here, a common nucleus of facts and common legal questions dominate this litigation. Members of the proposed class were all present on the night of the incident in question. Further, all members of the proposed class share a common interest in two issues:

ORDER CERTIFYING CLASS ACTION - 8

whether the incident was racially motivated, and whether the Pullman Police Department's policies or procedures caused the incident. Although the class members will be pursuing slightly different causes of action with respect their excessive force claims, depending on whether they were directly sprayed with O.C. or only suffered secondary effects of the O.C., common issues of fact dominate both inquiries. Finally, damages will likely present individualized issues, but in determining whether common issues predominate, the inquiry is directed to the issues of liability, not damages. *See Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975)("The amount of damages is invariably an individual question and does not defeat class action treatment."). Thus, the need for individual damages calculations does not preclude a finding of predominance. For these reasons, the Court is satisfied that common issues predominate.

      2.   <u>Superiority</u>

Rule 23(b)(3) also requires that class resolution be "superior to other available methods for the fair and efficient adjudication of the controversy." The inquiry required by this provision requires a determination with respect to "whether the objectives of the particular class action procedure will be achieved in the particular class." *Hanlon*, 150 F.3d at 1023 (citation omitted). "This determination necessarily involves a comparative evaluation of alternative mechanisms of dispute resolution." *Id.* Rule 23(b)(3) contains a nonexhaustive list of factors that may be considered in determining whether the plaintiffs have demonstrated predominance and superiority:  (A) the interest of members of the class in individually

ORDER CERTIFYING CLASS ACTION - 9

controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action. *Amchem*, 521 U.S. at 615-16, 117 S.Ct. at 2246 (quoting Fed.R.Civ.P. 23(b)(3)). "A consideration of these factors requires the court to focus on the efficiency and economy elements of the class action so that cases allowed under subdivision (b)(3) are those that can be adjudicated most profitably on a representative basis." *Zinser v. Accufix Research Institute, Inc.*, 253 F.3d 1180, 1190 (9th Cir. 2001).

The Court determines that certifying a class action under Rule 23(b)(3) is superior to the filing of individual claims because a class action will accomplish judicial economy by avoiding multiple suits and protect the rights of persons who might not be able to present claims on an individual basis. From either a judicial or litigant viewpoint, there is no advantage in individual members controlling the prosecution of separate actions. Although some of the claims pursued by the class members will vary slightly depending on their location inside the building at the time of the incident in question, the claims asserted by the class representatives are not sufficiently anomalous to deny class certification.

**III. CONCLUSION**

Based on the above analysis, the Court finds that Plaintiffs have satisfied their burden under Federal Rule of Civil Procedure 23(a) and

ORDER CERTIFYING CLASS ACTION - 10

23(b)(3). Therefore, the Court certifies the following class:

> All individuals who were present at the premises known as the Top of China or the Attic on September 7, 2002, or September 8, 2002, who were adversely affected by the unlawful or tortuous use of chemical munitions, including but not limited to oleoresin capsicum, tear gas, CS or CN, and who were not then employed as law enforcement officers.

The Court designates the law firm of Gordon, Thomas, Honeywell, Malanca, Peterson & Daheim, L.L.P., as class counsel, and the *Arnold* Plaintiffs as class representatives. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Certify Class, **Ct. Rec. 204,** is **GRANTED.**

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this 7th day of December, 2005.

                 s/ Fred Van Sickle
                     Fred Van Sickle
              United States District Judge