UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

NICOLE LOGAN, et al.,

        Plaintiffs,

        v.

CITY OF PULLMAN POLICE DEPARTMENT, et al.,

        Defendants.

No. CV-04-214-FVS

ORDER RE MOTIONS FOR RECONSIDERATION OF ORDER ON QUALIFIED IMMUNITY

**BEFORE THE COURT** is Plaintiffs' Motion for Partial Reconsideration, Ct. Rec. 246, and Defendants' Motion for Reconsideration, Ct. Rec. 248. Both motions seeks reconsideration of the Court's Order dated October 4, 2005, Granting in Part and Denying in Part Defendants' Motion for Partial Summary Judgment Re: Qualified Immunity ("Order"), Ct. Rec. 240. Plaintiffs are represented by Darrell Cochran and Thaddeus Martin. Defendants are represented by Andrew Cooley, Stewart Estes, Kim Waldbaum and Richard Jolley.

## I. DISCUSSION

It is within the Court's discretion to reconsider its Order. *School Dist. No. 1J, Multnomah County, OR v. AcandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id.*

ORDER RE MOTIONS FOR RECONSIDERATION OF ORDER ON QUALIFIED IMMUNITY - 1

Here, both parties move for reconsideration of the Court's Order on the basis that Court committed clear error in its ruling.

### A. Plaintiffs' Motion for Partial Reconsideration

Plaintiffs move for partial reconsideration of the Court's Order on the sole issue of the dismissal of some of the Plaintiffs' Fourth Amendment claims. The Court's Order limited the excessive force claims of those plaintiffs on the first and second floors of the building who were not sprayed directly with pepper spray, but suffered secondary exposure, to claims arising under the Fourteenth Amendment. The Court concluded those plaintiffs who only suffered secondary exposure to the pepper spray were not "seized" within the meaning of the Fourth Amendment because there was no evidence they were the deliberate and intended object of the Defendant Officers' use of pepper spray. *See Brower v. County of Inyo*, 489 U.S. 593, 596, 109 S.Ct. 1378, 1381, 103 L.Ed.2d 628 (1989). Plaintiffs move for reconsideration of this ruling, arguing there is sufficient evidence from which a reasonable jury could conclude Defendant Officers intended to chemically attack all of the occupants of the building. Specifically, Plaintiffs contend there is evidence that the Defendant Officers used chemical grenades on the night in question. In support of this argument, Plaintiffs point to the declarations of Plaintiffs Willie Brent, Cynthia Iwuoha, Damon Arnold, and Luam Teckle, and the deposition testimony of Plaintiff Sweeney Montinola and Pullman Police Officer Bell. For the reasons stated herein, the Court determines this evidence, viewed in the light most favorable to the Plaintiffs, is not sufficient evidence from which a jury could conclude the

ORDER RE MOTIONS FOR RECONSIDERATION OF ORDER ON QUALIFIED IMMUNITY - 2

1  Defendant Officers intended to seize all of the individuals inside the
2  building.
3       Plaintiff Luam Tekle's declaration states only that he "saw
4  something fly up the stairs." Plaintiff Sweeney Montinola testified
5  in his deposition that he saw an object, the size or shape of a coke
6  can, with smoke coming out it on the stairs outside the building.
7  Sweeney Montinola further testified that this object looked similar to
8  the grenades he saw when he was in the military. Plaintiffs contend
9  Sweeney Montinola's testimony is consistent with the testimony from
10 Pullman Police Officer Bell, who described grenades containing CS as
11 being roughly the size of a soda can. The Court determines evidence
12 that an object the size and shape of a grenade was found on the stairs
13 *outside* of the building does not present sufficient evidence from
14 which a reasonable juror could conclude the Defendant Officers
15 intended to seize all of the individuals *inside* the building.
16      Willie Brent testified during his deposition that the officers
17 "didn't even come in [to the building] before the smoke ... hit the
18 people." Plaintiff Cynthia Iwuoha stated she saw "police officers in
19 gas masks charging upstairs." Plaintiff Damon Arnold stated: "I
20 heard a noise and thought I had been shot. I could see the cloud of
21 smoke and found myself grasping for air."
22      Cynthia Iwuoha is the only named Plaintiff who testified she saw
23 officers in gas masks charging up the stairs. However, assuming the
24 truth of this statement and the statements from Willie Brent and Damon
25 Arnold, this scintilla of evidence is insufficient to support the
26 conclusion that the Defendant Officers dispersed chemicals in an

ORDER RE MOTIONS FOR RECONSIDERATION OF ORDER ON QUALIFIED
IMMUNITY - 3

effort to seize every person in the building. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 252, 106 S.Ct. 2505, 2511-12 (1986) (holding that a mere "scintilla of evidence" in support of the non-moving party's position is insufficient to defeat a motion for summary judgment because there is no issue for trial "unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party"). Moreover, an officer in a gas mask does not necessarily compel the conclusion that the Defendant Officers dispersed chemicals other than pepper spray in the building.

Finally, Plaintiffs point to the deposition of Antonio Ryan, who testified he "heard from word of mouth on the street" that pepper spray was sprayed into the vents at the Top of China. However, Mr. Antonio didn't provide any names of the individuals who allegedly told him pepper spray was used in the vents and Mr. Antonio doesn't have any first-hand knowledge. This evidence is insufficient to create an issue of material fact with respect to the allegation that the Defendant Officers dispersed chemicals into the building in an effort to seize every individual inside the building because Plaintiffs cannot rely on conclusory allegations alone to create an issue of material fact, *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993), and must respond with something more than speculation or argumentative assertions that unresolved factual issues exist. *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 890 (9th Cir. 1994).

### B. *Defendants' Motion for Reconsideration*

The Defendants move for reconsideration of the Court's Order with respect to the second prong of the *Saucier* qualified immunity

analysis, arguing the Court erred in determining the Plaintiffs' Fourth and Fourteenth Amendment rights allegedly violated by the Defendant Officers were "clearly established."  *See Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).

    1.   <u>Fourth Amendment</u>

The Court denied the Defendant Officers qualified immunity with respect to Plaintiffs' Fourth Amendment claims, concluding that "[i]n light of the existing law, ... it would be clear to a reasonable officer that the use of O.C.[1] must be preceded by a warning when the officers' safety is not threatened and the officer is not trying to overcome resistance to arrest."  *Order*, at 41-42.  Defendants argue there is no authority in the Ninth Circuit or the United States Supreme Court that supports this determination.  Specifically, Defendants point the Court to the recent Supreme Court decision in *Brosseau v. Haugen*, 543 U.S. 194, 125 S.Ct. 596, 160 L.Ed.2d 583 (2004), and argue that because the present situation involves a relatively uncharted area of law, the claimed right cannot be "clearly established" when there is no controlling authority dealing with the specific context presented by the facts of this case.

In *Brosseau*, the Supreme Court reversed the Ninth Circuit's denial of qualified immunity to an officer sued for Fourth Amendment violations under Section 1983 who shot a fleeing suspect in the back. *Brosseau* leaves open two avenues for establishing that a rule of law is clearly established--when there is a particularized body of

---

[1] The Court's Order used O.C. to refer to oleoresin capsicum spray, which is also known as pepper spray.

ORDER RE MOTIONS FOR RECONSIDERATION OF ORDER ON QUALIFIED IMMUNITY - 5

precedent that "squarely governs" the outcome of the case or the case is so "obvious" that "general [constitutional] tests ... 'clearly establish' the answer, even without a body of relevant case law." *Brosseau*, 125 S.Ct. at 599-600.

As the Court noted previously in its Order, no case cited by the parties squarely governs the outcome here. Nonetheless, "officials can still be on notice that their conduct violates established law in novel factual circumstances." *Hope v. Pelzer*, 536 U.S. 730, 741, 122 S.Ct. 2508, 153 L.Ed.2d 655 (2002). It is well-established that "general statements of law are not inherently incapable of giving fair and clear warning to officers ... even though the very action in question has not previously been held unlawful." *United States v. Lanier*, 520 U.S. 259, 271, 117 S.Ct. 1219, 137 L.Ed.2d 432 (1997)(citations omitted). "[I]t is not necessary that the alleged acts have been previously held unconstitutional, as long as the unlawfulness was apparent in light of existing law." *Drummond v. City of Anaheim*, 343 F.3d 1052, 1060-61 (9th Cir. 2003)(citation omitted). The determinative issue is whether the officer had "fair warning that his conduct deprived [the plaintiff] of a constitutional right." *Hope*, 536 U.S. at 740, 122 S.Ct. 2508.

Prior to the events of this case, the Ninth Circuit had recognized that "in assessing reasonableness under the Fourth Amendment an important factor is whether the officer considered alternatives before undertaking intrusive activity implicating constitutional concerns." *San Jose Charter of Hells Angels Motorcycle Club v. City of San Jose*, 402 F.3d 962, 977-78 (9th Cir. 2005)(citing

ORDER RE MOTIONS FOR RECONSIDERATION OF ORDER ON QUALIFIED IMMUNITY - 6

cases).  More specifically, the Ninth Circuit applied this principle in *Headwaters Forest Defense v. County of Humboldt*, 276 F.3d 1125, 1131 (9th Cir. 2002), where it held that the use of pepper spray was not justified when the protesters could have been removed from the scene in another less intrusive manner.  Further, the Ninth Circuit applied a similar principle in *Boyd v. Benton County*, 374 F.3d 773, 779 (9th Cir. 2004), where it held that the officers used excessive force when, without considering alternatives and without warning to the occupants, blindly threw a flash-bang device into an apartment while executing a search warrant.

These cases should have alerted a reasonable officer that his use of pepper spray under the circumstance in this case violated the Plaintiffs' Fourth Amendment rights.  Thus, the Court determines this case is an "obvious case" because it does not present a novel factual circumstance such that a police officer would be unaware of the constitutional parameters of his actions.  At the time of the incident at issue, a reasonable officer should have known that to enter a building full of people, without announcing his presence, and spray fog canisters of O.C. in the air toward a large group of people who posed no threat to the safety of the officer and who were not resisting arrest, would violate the Fourth Amendment.  Further, in light of *LaLonde v. County of Riverside*, 204 F.3d 947, 961 (9th Cir. 2000) and *Headwaters*, a reasonable officer would know he has an obligation to render assistance after using O.C. and alleviate the symptoms of those individuals who were sprayed with O.C.  Accordingly, the Defendants' motion for reconsideration is denied with respect to

ORDER RE MOTIONS FOR RECONSIDERATION OF ORDER ON QUALIFIED IMMUNITY - 7

the Fourth Amendment.

2. <u>Fourteenth Amendment</u>

With respect to Plaintiffs' substantive due process claims, the Court determined Plaintiffs must show the Defendant Officers had an "actual purpose to cause harm" unrelated to any legitimate use of O.C. in order to satisfy the "shocks the conscience" standard necessary for a due process violation. Conduct that is "intended to injure in some way unjustifiable by any government interest" is likely to be conscience-shocking. *County of Sacramento v. Lewis*, 523 U.S. 833, 849, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998). This standard is "more stringent" and "more demanding" than the standard applied to Plaintiffs' fourth amendment excessive force claims. *Moreland v. Las Vegas Metropolitan Police Dep't.*, 159 F.3d 365, 371 n. 4 (9th Cir. 1998). Thus, "it may be possible for an officer's conduct to be objectively unreasonable yet still not infringe the more demanding standard that governs substantive due process claims." *Id*.

Under the first prong of the *Saucier* qualified immunity analysis, the Court ruled that the Defendant Officers' use of pepper spray inside the building and the fact that it dispersed throughout the building resulting in numerous individuals suffering secondary exposure did not meet the "purpose to cause harm" standard because Plaintiffs did not present any evidence that the Defendant Officers' use of O.C. was purposely intended to actually cause harm to other beyond merely stopping the fight that was in progress when the officers arrived at the building. Rather, the Court held that the Defendant Officers' actions fell squarely within the numerous

ORDER RE MOTIONS FOR RECONSIDERATION OF ORDER ON QUALIFIED IMMUNITY - 8

decisions finding no constitutional violation where misguided, and even reckless, police conduct causes innocent bystanders serious harm. *See e.g., County of Sacramento v. Lewis*, 523 U.S. 833, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998) (100 mile-per-hour police chase resulting in motorcyclist's death even though he was only being pursued for speeding does not shock the conscience); *Moreland v. Las Vegas Metropolitan Police* Dep't., 159 F.3d 365 (9th Cir. 1998); (Boveri *v. Town of Saugus*, 113 F.3d 4, 7 (1st Cir. 1997) (summary judgment granted in favor of defendants where fleeing suspect in high speed chase collided with innocent motorist, despite fact that police violated department regulations and failed to heed instruction to break off pursuit). However, the Court determined Plaintiffs' allegations that the Defendant Officers refused to provide assistance to the injured Plaintiffs, refused to allow Plaintiffs to assist one another, and tried to keep the Plaintiffs inside the building after the O.C. was sprayed evidenced a purpose to cause harm unrelated to any legitimate use of force by the Defendant Officers, thereby satisfying the "shocks the conscience" standard necessary for a substantive due process violation.

Under the second prong of the *Saucier* qualified immunity analysis the Court determined that "the law was clearly established such that a reasonable officer would know that (1) his refusal to assist and calm individuals who are suffering from affects of O.C. (2) taking efforts to keep individuals inside a building where O.C. was sprayed; and (3) preventing others from helping those individuals harmed by O.C. would result in a violation of the individuals' Fourteenth Amendment

rights." *Order*, at 42.  The Defendants move for reconsideration of this conclusion.

The Defendant Officers acknowledge the law in the Ninth Circuit is clearly established in that when a suspect is intentionally sprayed with O.C., an officer may not intentionally refuse to provide assistance after the suspect is under control.  However, the Defendant Officers argue there is no Supreme Court nor circuit precedent holding that individuals who are the recipients of secondary exposure to O.C. must be decontaminated.  Therefore, the Defendant Officers request the Court reconsider its ruling that it is clearly established that the failure to alleviate the symptoms of victims suffering from secondary exposure to pepper spray is a constitutional violation.

Furthermore, the Defendant Officers argue there is no constitutional right to exit a building immediately in a situation of chaos and mass confusion.  More specifically, they argue this right is not "clearly established."  However, any reasonable officer would know that intentionally preventing an individual from leaving a building infused with O.C. would violate the individual's Constitutional rights.  Therefore, any Plaintiff who was physically prevented from the exiting the building would have a claim.  However, Plaintiffs don't allege that anyone was actually prevented from exiting the building.  Rather, Plaintiffs only allege that the mass confusion made it difficult to exit the building and that the officers made them exit through specific doorways.

Finally, Defendants argue there is no right to be able to assist another individual who is in distress.  Therefore, the Defendants

ORDER RE MOTIONS FOR RECONSIDERATION OF ORDER ON QUALIFIED IMMUNITY - 10

request the Court clarify its ruling so that it addresses only those persons who were *injured* and had other individuals prevented from providing them with assistance.

In light of the Defendants' motion, the Court clarifies its holding with respect to the Fourteenth Amendment. The Court determines that the law was clearly established such that a reasonable officer would know that preventing other indivdiuals from rendering assistance to those Plaintiffs who were injured would violate the Fourteenth Amendment rights of the injured Plaintiffs. Accordingly, the Defendant Officers are denied qualified immunity with respect to this claim. However, the Defendant Officers are granted qualified immunity with respect to the Plaintiffs' remaining claims under the Fourteenth Amendment because it was not clearly established at the time of the incident in question that failure to alleviate the symptoms of Plaintiffs suffering secondary exposure to O.C. spray is a due process violation.

## II.  CONCLUSION

The Court determines that those Plaintiffs who were directly sprayed with O.C. may pursue excessive force claims under the Fourth Amendment. However, those Plaintiffs who were not directly sprayed with O.C. may not pursue excessive force claims under the Fourth Amendment because they were not "seized" within the meaning of the Fourth Amendment. Rather, the Plaintiffs who were not sprayed directly with O.C., but suffered secondary exposure, may only pursue claims under the Fourteenth Amendment.

With respect to Plaintiffs' Fourth Amendment claims, the

ORDER RE MOTIONS FOR RECONSIDERATION OF ORDER ON QUALIFIED IMMUNITY - 11

Defendant Officers are denied qualified immunity.  The Court determines that at the time of the incident at issue in this action, a reasonable officer would have known that to enter a building full of people, without announcing his presence, and disperse fog canisters of O.C. in the air toward a large group of people who posed no threat to the safety of the officer and who were not resisting arrest, would violate the Fourth Amendment rights of those individuals who were directly sprayed with O.C.  Further, a reasonable officer would have known he has an obligation to render assistance after using O.C. and alleviate the symptoms of those Plaintiffs who were directly sprayed with O.C.

With respect to Plaintiffs' Fourteenth Amendment claims, the Court determines the law was clearly established such that a reasonable officer would have known that preventing other individuals from rendering assistance to those Plaintiffs who were injured would violate the injured Plaintiffs' rights under the substantive due process clause of the Fourteenth Amendment.  To this extent, the Defendant Officers are denied qualified immunity.  However, the Defendant Officers are granted qualified immunity with respect to Plaintiffs' remaining claims under the Fourteenth Amendment because the law was not clearly established such that a reasonable officer would have known that his own failure to alleviate the symptoms of those Plaintiffs suffering from secondary exposure to O.C. is a constitutional violation.  Thus, the only Plaintiffs who may now pursue claims under the Fourteenth Amendment against the Defendant Officers are those Plaintiffs who were injured during the incident at

ORDER RE MOTIONS FOR RECONSIDERATION OF ORDER ON QUALIFIED
IMMUNITY - 12

issue and had other individuals prevented by the Defendant Officers from providing them with assistance.  Accordingly,

**IT IS HEREBY ORDERED:**

1.   Plaintiffs' Motion for Partial Reconsideration, **Ct. Rec. 246,** is **DENIED.**

2.   Defendants' Motion for Reconsideration, **Ct. Rec. 248**, is **GRANTED IN PART AND DENIED IN PART.**

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this 9th day of December, 2005.

> s/ Fred Van Sickle
> Fred Van Sickle
> United States District Judge

ORDER RE MOTIONS FOR RECONSIDERATION OF ORDER ON QUALIFIED IMMUNITY – 13