UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NICOLE LOGAN, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF PULLMAN POLICE<br>DEPARTMENT, et al.,<br><br>　　　　Defendants. | No. CV-04-214-FVS<br><br>ORDER GRANTING DEFENDANTS'<br>MOTION FOR SUMMARY JUDGMENT<br>RE: PLAINTIFFS' 42 U.S.C.<br>§ 1983 CLAIMS |

**BEFORE THE COURT** is Defendants' Motion for Summary Judgment Re: Plaintiffs' 42 U.S.C. § 1983 Claims. (Ct. Rec. 59). Plaintiffs are represented by Darrell Cochran and Thaddeus Martin. Defendants are represented by Andrew Cooley, Stewart Estes, Kim Waldbaum and Richard Jolley.

**I.    BACKGROUND**

This is a class action arising from the response of the City of Pullman Police Department ("City") to an altercation at the Top of China Restaurant and Attic Nightclub on September 8, 2002. The facts in this case were previously set forth in detail in the Court's Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment Re: Qualified Immunity (Ct. Rec. 240). Plaintiffs assert claims for damages under 42 U.S.C. § 1983, alleging the individually named Defendant Officers' use of O.C. spray constituted excessive force and that the City is liable for the resulting injuries based on

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT RE:
PLAINTIFFS' 42 U.S.C. § 1983 CLAIMS - 1

the hiring and training decisions of Chief of Pullman Police Department, William T. Weatherly.  Specifically, Plaintiffs assert claims against the City under § 1983 for its "official policies and customs fostering the unlawful use of police force and racial discrimination", Complaint, at ¶ 6.1.6; "failure to adopt appropriate policies and training to prevent the unlawful use of police force to prevent racially discriminatory police conduct that results in the deprivation of civil rights", Complaint, at ¶ 6.1.6; and "failure to supervise and train its officers", Complaint, at ¶ 6.1.7.  The Defendants, City of Pullman Police Department and Police Chief William T. Weatherly, move for summary judgment on Plaintiffs' claims under 42 U.S.C. § 1983.

**II.  SUMMARY JUDGMENT STANDARD**

A moving party is entitled to summary judgment when there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 316, 323, 106 S.Ct. 2548, 2552 (1986).  "A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth."  *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1306 (9th Cir. 1982).  Inferences drawn from facts are to be viewed in the light most favorable to the non-moving party, but that party must do more than show that there is some "metaphysical doubt" as to the material facts.  *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 572, 586-87, 106 S.Ct. 1348, 1356 (1986).  There is no issue for trial "unless there is sufficient evidence favoring the non-moving party for

a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511 (1986). A mere "scintilla of evidence" in support of the non-moving party's position is insufficient to defeat a motion for summary judgment. *Id.* at 252, 106 S.Ct. at 2512. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993). Rather, the non-moving party must present admissible evidence showing there is a genuine issue for trial. Fed.R.Civ.P. 56(e); *Brinson v. Linda Rose Joint Venture*, 53 f.3d 1044, 1049 (9th Cir. 1995). An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. "If the evidence is merely colorable...or is not significantly probative,...summary judgment may be granted." *Id.* at 249-50, 106 S.Ct. at 2511 (citations omitted).

**III. DISCUSSION**

"A municipality may be held liable under a claim brought under § 1983 only when the municipality inflicts an injury, and it may not be held liable under a respondent superior theory." *Gibson v. County of Washoe, Nev.*, 290 F.3d 1175, 1185 (9th Cir. 2000) (citing *Monell v. New York Dep't of Social Services*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). A plaintiff may hold a city liable under § 1983 for its official acts pursuant to city policy, regulation, custom, or usage. *Chew v. Gates*, 27 F.3d 1432, 1444 (9th Cir. 1994) (citing *Monell*, 436 U.S. at 690-91, 694). Municipal liability may be

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT RE:
PLAINTIFFS' 42 U.S.C. § 1983 CLAIMS - 3

established by direct liability and liability by omission. *Gibson*, 290 F.3d at 1186. In the present case, Plaintiffs seek to establish liability against the City by liability through omission.

Plaintiffs allege Police Chief William T. Weatherly approved an unconstitutional policy directive that equates the use of OC spray with escorting someone, and that this policy fostered the unlawful use of O.C. spray on the night in question. Plaintiffs also allege the City failed to train its officers adequately to prevent unlawful use of force and racially discriminatory police conduct. Plaintiffs abandoned their "failure to supervise" claim by failing to address it in their response to Defendants' motion for summary judgment. Despite the fact that Defendants' reply memorandum indicated Plaintiffs had failed to properly support their opposition, Plaintiffs did not demonstrate the existence of a genuine issue of material fact for trial on their failure to supervise claim under § 1983. Thus, Defendants are entitled to summary judgment on this claim. *See Nilsson, Robbins, et al. v. Louisiana Hydrolec*, 854 F.2d 1538, 1545 (9th Cir. 1988); Fed.R.Civ.P. 56(e).

### A.   *Policy of Equating Use of OC Spray with Escort*

To impose liability against the City by liability through omission, Plaintiffs must demonstrate that (1) a City employee violated Plaintiffs' constitutional rights; (2) the City has customs or policies that amount to deliberate indifference; and (3) these policies were the moving force behind the employee's violation of Plaintiffs' constitutional rights. *Gibson*, 290 F.3d at 1194. As the

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT RE:
PLAINTIFFS' 42 U.S.C. § 1983 CLAIMS - 4

Court ruled previously in its Order Re: Qualified Immunity, Plaintiffs have already set forth evidence establishing that their constitutional rights under the Fourth and Fourteenth Amendments were violated by the individual Defendant Officers' on the night in question.  Thus, the first prong of the *Gibson* test has been satisfied and the focus shifts to the second and third prongs.

Under the second prong of the *Gibson* test, Plaintiffs must present evidence showing the City has a policy that amounts to deliberate indifference to the Plaintiffs' constitutional rights.  *See Gibson*, 290 F.3d at 1194.  Plaintiffs contend their constitutional rights to be free from excessive force were violated because Chief Weatherly approved a facially unconstitutional policy directive equating the use of O.C. spray with the same level of force as a peaceful escort.  As evidence of this policy, Plaintiffs direct the Court to the Pullman Police Department Policies and Procedures Manual ("PPD Manual"), which contains guidelines for the use of force.  Chapter 10, titled "Use of Force," states in pertinent part:

> Use of OC spray applies when a member can legally use force per RCW 9A.16.020.  OC spray is incorporated into the member's use of force options.  **OC spray is considered the same level of force as escorting someone.**  Members will be required to undergo approved training before being issued and using OC spray.  Members will carry only OC spray that is approved and issued by the department.  Supervisors may require members to carry OC spray.

PPD Manual, 2002, Ch. 10 § 2.15 *et seq.*, p. 0177 (emphasis added).  In addition, Section 2.2 of Chapter 10, at page 0171, states:

> The use of force upon or toward another person by a member is authorized when necessary in accomplishing a lawful

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT RE: PLAINTIFFS' 42 U.S.C. § 1983 CLAIMS - 5

> objective consistent with RCW 9A.16.020. Members shall use only the minimum amount of force necessary to effect the lawful purpose intended. The intent of force is not to injure but to ensure compliance with lawful objectives.

Defendants argue Plaintiffs have taken one line from the entire PPD Manual out of context and that it does not represent a formal policy. Plaintiffs have not presented any evidence supporting their conclusion that the line from the PPD at issue represents a separate and distinct policy directive of the City. However, assuming, without deciding, that equating the use of O.C. spray with an escort does constitute an official "policy" approved by Chief Weatherly, to establish liability, Plaintiffs must still demonstrate this policy amounts to deliberate indifference.

Plaintiffs must demonstrate the City adopted this policy with "'deliberate indifference' as to its known or obvious consequences; a "showing of simple or even heightened negligence will not suffice." *Board of County Commr's*, 520 U.S. at 407, 117 S.Ct. at 1390. The only evidence Plaintiffs submit in support of this showing is the testimony of their expert, D.P. Van Blaricom, who opines that "training and supervising officers to use OC spray at the same level of force as escorting someone would amount to de facto encouragement and approval of the use of excessive force, [and] made this or a similar incident both foreseeable and inevitable[.]" Van Blaricom Dec., at 8:17-25 (internal citations omitted). Mr. Var Blaricom also contends the policy of equating the use of O.C. spray with escorting someone "is so far below a reasonable standard of care as to be literally unheard of in the police community." Van Blaricom Dec. at 7:1-14. However, Mr.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT RE:
PLAINTIFFS' 42 U.S.C. § 1983 CLAIMS - 6

Van Blaricom did not set forth any specific evidence or analysis to support this opinion.  "[I]n the context of a motion for summary judgment, an expert must back up his opinion with specific facts." *Guidroz-Brault v. Missouri Pacific R. Co.*, 254 F.3d 825, 831-32 (9th Cir. 2001) ("The factual basis for the expert's opinion must be stated in the expert's affidavit and although the underlying factual details need not be disclosed in the affidavit, the underlying facts must exist.").  Aside from their expert opinion, Plaintiffs have not presented any evidence showing an issue of material fact with respect to whether the City adopted this policy with deliberate indifference as to its known or obvious consequences.  *See Board of County Comm'rs*, 520 U.S. at 407, 117 S.Ct. at 1390.

  Moreover, even if Plaintiffs had presented sufficient evidence to create an issue of material fact as to whether the portion of the City's PPD Manual that equates the use of O.C. spray with an escort was deliberately indifferent to the Plaintiffs' constitutional right to be free from excessive force, Plaintiffs have not satisfied the third prong of *Gibson*.  Plaintiff have not presented any evidence illustrating that such policy was the "moving force" behind the Plaintiffs' constitutional deprivations.  *See Gibson*, 290 F.3d at 1194.  The record is void of any evidence showing the Defendant Officers were actually acting pursuant to the policy at issue when they used O.C. spray at the Top of China on the night in question.  In fact, the deposition testimony of several Pullman Police officers, cited specifically in Plaintiffs' memorandum, indicates that many

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT RE:
PLAINTIFFS' 42 U.S.C. § 1983 CLAIMS - 7

Pullman Police officers understood that using O.C. did not fall in the same place on the use of force continuum as escorting someone. *See* Plaintiffs' Memo in Opp. City's Motion for Summary Judgment, at 8-10 (citing Patrick Dep. at 38:15-25; Carlton Dep. at 29:16-25; Sorem Dep. at 28:7-29:6; Karlin Dep. at 18:5-19:10). The Court concludes Plaintiffs have not submitted sufficient evidence showing a genuine issue of material fact with respect to whether the policy statement that equates the use of O.C. spray with escorting someone was the "moving force" behind the Plaintiffs' constitutional deprivations. Accordingly, the Court grants the Defendants' motion for summary judgment on this claim because Plaintiffs have not presented sufficient evidence to establish a genuine issue of material fact with respect to the second or third prong of *Gibson*.

### B.   Failure to Train: Use of O.C. Spray

Under certain circumstances, a municipality may be held liable under § 1983 for failure to properly train its employees. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388, 109 S.Ct. 1197, 1204, 103 L.Ed.2d 412 (1989) (hereinafter "*Canton*"). In *Merritt v. County of Los Angeles*, 875 F.2d 765 (9th Cir. 1989), the Ninth Circuit articulated a three-part test for assessing municipal liability under § 1983 in failure to train cases. First, Plaintiffs must establish the City's existing training program is inadequate. "The adequacy of a particular training program must be resolved in relation to the tasks the particular officers must perform. A training program will be deemed adequate if it enables officers to respond properly to the

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT RE:
PLAINTIFFS' 42 U.S.C. § 1983 CLAIMS - 8

usual and recurring situations with which they must deal." *Merritt*, 875 F.2d at 770 (internal quotations and citations omitted). Second, "the inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *Canton*, 489 U.S. at 388, 109 S.Ct. at 1204. This heightened degree of culpability may be shown where "the need for more or different training is so obvious and the inadequacy so likely to result in violation of constitutional rights, that the policy makers can reasonably be said to have been deliberately indifferent to the need.... [I]n that event, the failure to train may fairly be said to represent a policy for which the city is responsible and for which the city may be held responsible if it actually causes injury." *Canton*, 489 U.S. at 390, 109 S.Ct. at 1205. Finally, Plaintiffs must show the inadequate training that manifests deliberate indifference by the City "actually caused" the constitutional deprivation at issue. *Merritt*, 875 F.2d at 770 (citing *Canton*, 489 U.S. at 391, 109 S.Ct. at 1207).

Here, Plaintiffs argue that in failing to provide "meaningful, substantive, and practical training regarding the use of O.C. spray in indoor locations, the use of non-violent techniques, and the limits of constitutional force," the City acted with deliberate indifference to Plaintiffs' constitutional right to be free from excessive force.[1]

---

[1] Plaintiffs' argument assumes the City's training program is inadequate. The record indicates the individual Defendant officers each received 440 hours of training at the Basic Law Enforcement academy, including at least 5 hours of O.C. spray instruction, in addition to training during their employment with

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT RE:
PLAINTIFFS' 42 U.S.C. § 1983 CLAIMS - 9

Plaintiffs' Memo Opp. Motion for Summary Judgment, at 12.  To succeed on this cause of action, Plaintiffs must show the need to train the officers on using O.C. spray indoors was so obvious and the failure to adopt such a specific training program was so egregious that it rose to the level of deliberate indifference.  It will not suffice to show that an injury or accident could have been avoided "if an officer had better or more training, sufficient to equip him to avoid the particular injury-causing conduct.  Such a claim could be made about almost any encounter resulting in injury...." *Canton*, 489 U.S. at 391, 109 S.Ct. at 1206.  "[A]dequately trained officers occasionally make mistakes; the fact that they do says little about the training program or the legal basis for holding the city liable." *Id.*

In the present case, Plaintiffs offer only general, conclusory allegations of the deficiencies in the City's training on the use of O.C. spray.  For example, Plaintiffs argue the need to provide specific training on the use of O.C. spray indoors was "obvious" because "there can be no question that Defendants expected Pullman officers to use the chemical weapons that were issued to them." Plaintiffs' Memo Opp. Motion for Summary Judgment, at 39.  Plaintiffs also argue the inadequacy in the City's training made the events at issue in this case foreseeable and inevitable, but Plaintiffs have submitted no evidence other than the conclusory opinion of Mr. Van

---

the City, prior to the incident at issue in this case.  For the reasons discussed herein, the Court does not reach a conclusion as to whether the City's training program with respect to the use of O.C. spray is adequate.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT RE:
PLAINTIFFS' 42 U.S.C. § 1983 CLAIMS - 10

Blaricom, to support this assertion. In fact, Plaintiffs' only evidence of inadequate training is the incident at issue in this case. However, "[m]ere proof of a single incident of errant behavior is a clearly insufficient basis for imposing liability under section 1983 on an inadequate training theory." *Merritt*, 875 F.2d at 770 (citation omitted).

Plaintiffs have produced no evidence showing the alleged inadequacy of the City's training was the result of a "deliberate" or "conscious" choice, which, under *Canton*, is necessary to establish a municipal policy. Absent any evidence showing the alleged inadequacy in the officers' training was the result of a "conscious" or "deliberate" choice, any shortcomings in the training can only be classified as negligence on the part of the City, which is a much lower standard than deliberate indifference standard adopted by the Supreme Court in *Canton*. As discussed above, Plaintiffs' argument that the Defendant Officers' unconstitutional conduct could have been avoided by "more or better training," is inadequate under *Canton*. Therefore, the Court grants the Defendants' motion for summary judgment with respect to Plaintiffs' claim under § 1983 that the City failed to properly train its officers on the use of O.C. spray indoors.

Since the Court determines Plaintiffs have failed to submit sufficient evidence showing the City exhibited "deliberate indifference" to the training of its police officers in the area of O.C. spray, it is not necessary to consider the first and third prong

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT RE:
PLAINTIFFS' 42 U.S.C. § 1983 CLAIMS - 11

of the *Merritt* test, i.e., the adequacy of the existing training program and whether the alleged inadequate training actually "caused" the Constitutional deprivations at issue.

### C.  *Failure to Train:  Diversity*

Plaintiffs allege Defendants' failure to provide "particular training on race relations and racial bias caused Defendants to violate Plaintiffs' constitutional right to be free from racial bias that resulted in excessive force."  Plaintiffs' Memo Opp. City's Motion for Summary Judgment, at p. 41.  A municipality's failure to adequately train an employee can be an unconstitutional "policy" for purposes of § 1983 liability.  *Canton*, 489 U.S. at 387, 109 S.Ct. at 1203.  As discussed previously, Plaintiffs must first show the City's existing training program on race relations is inadequate.  *Merritt*, 875 F.2d at 770.  Further, to be actionable under § 1983, the City's failure to train must amount to "deliberate indifference" to the constitutional rights of Plaintiffs.  *Canton*, 489 U.S. at 388, 109 S.Ct. at 1204.  Finally, to establish liability, Plaintiffs must show the inadequate training "actually caused" the constitutional deprivation at issue here.  *Canton*, 489 U.S. at 390, 109 S.Ct. at 1205.  Assuming, without deciding, that diversity or sensitivity training is constitutionally required and that the City's training program is in fact inadequate, Defendants are still entitled to summary judgment because Plaintiffs have not submitted any evidence supporting their claim that the City was deliberately indifferent to the need for diversity or sensitivity training.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT RE:
PLAINTIFFS' 42 U.S.C. § 1983 CLAIMS - 12

Plaintiffs rely solely on *Flores v. Morgan Hill Unified Sch. Dist.*, 324 F.3d 1130 (9th Cir. 2004), to argue that "a reasonable jury could conclude that there was an obvious need for training and that the discrimination that Plaintiffs' faced was a highly predictable consequence of Defendants' failure to provide adequate training about anti-discrimination policies, race relations, and racial bias." However, *Flores* is clearly distinguishable from this case. In *Flores*, the Ninth Circuit affirmed the denial of summary judgment with respect to the plaintiffs' claims under § 1983, holding that a "jury may conclude, based on this evidence, that there was an obvious need for training and that the discrimination the plaintiffs faced was a highly predictable consequence of the defendants not providing that training." 324 F.3d at 1136. In *Flores*, the plaintiffs presented evidence that the defendants were "actually" aware of a history of harassment against the plaintiffs and that the defendants had refused, after being asked, to take action to stop the harassment. The defendants' deliberate indifference in that case was evidenced by the failure to correct the problem when the need became obvious.

Here, Plaintiffs have not shown a pattern of unconstitutional conduct so pervasive as to imply actual or constructive knowledge of the conduct by the City. Further, Plaintiffs have not presented the Court with any evidence demonstrating that the need for training in the area of race relations was so obvious, and the inadequacy so likely to result in the constitutional deprivations at issue here. Thus, Plaintiffs have not presented the Court with sufficient evidence

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT RE:
PLAINTIFFS' 42 U.S.C. § 1983 CLAIMS - 13

to establish under *Canton* that the City's alleged failure to train was deliberately indifferent to Plaintiffs' rights.  *See Canton*, 499 U.S. at 390-91, 109 S.Ct. at 1205-06.

Moreover, even if Plaintiffs could show deliberate indifference, Plaintiffs have not submitted any evidence from which a jury could infer the City's failure to train was the "moving force" behind the Constitutional violations at issue in this case.  Plaintiffs only argue that the incident in question would not have occurred if the Defendant Officers had better or more training.  This is insufficient to survive summary judgment.  *See Canton*, 489 U.S. at 391, 109 S.Ct. at 1206 (noting that to establish liability for failure to train under § 1983, it will not suffice to show that an injury or accident could have been avoided "if an officer had better or more training, sufficient to equip him to avoid the particular injury-causing conduct").  Therefore, the Court grants Defendants' motion for summary judgment with respect to Plaintiffs' claim under § 1983 for failure to provide particular training on race relations and racial bias.  Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment Re: Plaintiffs' 42 U.S.C. § 1983 Claims, **Ct. Rec. 59**, is **GRANTED.**

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this <u>13th</u> day of January, 2006.

> s/ Fred Van Sickle
> Fred Van Sickle
> United States District Judge

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT RE:
PLAINTIFFS' 42 U.S.C. § 1983 CLAIMS - 14