UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

NICOLE LOGAN, et al.,

                Plaintiffs,

        v.

CITY OF PULLMAN POLICE
DEPARTMENT, et al.,

                Defendants.

No. CV-04-214-FVS

ORDER GRANTING PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT
RE: DEFENDANTS' AFFIRMATIVE
DEFENSE ALLEGING COMPARATIVE
FAULT AGAINST OTHERS

**BEFORE THE COURT** is Plaintiffs' Motion for Summary Judgment Re: Defendants' Affirmative Defense Alleging Comparative Fault Against Others (Ct. Rec. 198). Plaintiffs are represented by Darrell Cochran and Thaddeus Martin. Defendants are represented by Andrew Cooley, Stewart Estes, Kim Waldbaum and Richard Jolley. After reviewing the submitted materials and considering the cited authority, the Court is fully informed.

**I.    BACKGROUND**

This is a class action arising from the response of the City of Pullman Police Department to an altercation at the Top of China Restaurant and Attic Nightclub on September 8, 2002. The facts in this case were set forth in detail in the Court's Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment Re: Qualified Immunity (Ct. Rec. 240). Plaintiffs' remaining causes of

ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT RE:
DEFENDANTS' AFFIRMATIVE DEFENSE ALLEGING COMPARATIVE FAULT
AGAINST OTHERS - 1

action against the individual Defendant Officers include claims under 42 U.S.C. § 1983, as well as claims under Washington state law for assault (Complaint, ¶ 6.2), intentional infliction of emotional distress (Complaint, ¶ 6.3), and negligence (Complaint, ¶ 6.4). Plaintiffs' remaining cause of action against the Defendant City includes a claim for negligence under a theory of respondeat superior (Complaint, ¶ 6.4). In their Answer to Plaintiffs' Complaint, Defendants assert the affirmative defense of comparative fault of others pursuant to RCW 4.22.070 (Answer, ¶ 14). Plaintiffs move for summary judgment dismissal of this affirmative defense.

## II. SUMMARY JUDGMENT STANDARD

A moving party is entitled to summary judgment when there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 316, 323, 106 S.Ct. 2548, 2552 (1986). "A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth." *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1306 (9th Cir. 1982). Inferences drawn from facts are to be viewed in the light most favorable to the non-moving party, but that party must do more than show that there is some "metaphysical doubt" as to the material facts. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 572, 586-87, 106 S.Ct. 1348, 1356 (1986). There is no issue for trial "unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson v. Liberty*

ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT RE:
DEFENDANTS' AFFIRMATIVE DEFENSE ALLEGING COMPARATIVE FAULT
AGAINST OTHERS - 2

*Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511 (1986).  A mere "scintilla of evidence" in support of the non-moving party's position is insufficient to defeat a motion for summary judgment.  *Id.* at 252, 106 S.Ct. at 2512.  The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact.  *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).  Rather, the non-moving party must present admissible evidence showing there is a genuine issue for trial.  Fed.R.Civ.P. 56(e); *Brinson v. Linda Rose Joint Venture*, 53 f.3d 1044, 1049 (9th Cir. 1995).  An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510.  "If the evidence is merely colorable...or is not significantly probative,...summary judgment may be granted."  *Id.* at 249-50, 106 S.Ct. at 2511 (citations omitted).

## III. DISCUSSION

Washington's Tort Reform Act of 1981, codified at RCW 4.22 RCW, allows the fact finder to compare the respective fault of the claimant and the defendant.  Contributive fault does not bar recovery, but it diminishes proportionally the amount of damages awarded. RCW 4.22.005. RCW 4.22.070(1) states that in "all actions involving fault of more than one entity, the trier of fact shall determine the percentage of the total fault which is attributable to every entity which caused the claimant's damages...."  "'Fault,' under chapter 4.22 RCW does not include intentional acts or omissions."  *Tegman v. Accidental & Medical Investigations, Inc.*, 150 Wash.2d 102, 109, 75 F.3d 497, 500

ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT RE:
DEFENDANTS' AFFIRMATIVE DEFENSE ALLEGING COMPARATIVE FAULT
AGAINST OTHERS - 3

(2003).  Thus, Washington's comparative fault statute does not apply to intentional torts.  *Id.* (citations omitted).

### A.    Plaintiffs' Assault Claims

Assault is an intentional tort.  *Honegger v. Yoke's Wash. Foods, Inc.*, 83 Wash.App. 293, 297, 921 P.2d 1080 (Div. 3, 1996).  Because comparative fault is inapplicable in the context of an intentional tort, *Morgan v. Johnson*, 137 Wash.2d 887, 896, 976 P.2d 619 (1999), Defendants cannot assert comparative fault as an affirmative defense to Plaintiffs' claims for assault.

### B.    Plaintiffs' § 1983 Claims

An analysis of whether the Officers' use of force was excessive will necessarily entail a consideration of the extent to which the Plaintiffs may have made such force necessary by their conduct because to determine whether the Officers' used excessive force the jury will have to determine whether the Officers' use of O.C. spray was "reasonable" in light of the circumstances.  However, this does not mean comparative fault is applicable to Section 1983 claims.  Although the United States Supreme Court has never directly ruled on the question, it is generally accepted that a cause of action under Section 1983 for use of excessive force in violation of the Fourth Amendment must be based on something more than mere negligence.  This view is supported by the Supreme Court's view in *Baker v. McCollan*, 443 U.S. 137, 146, 99 S.Ct. 2689, 2695 (1979) ("Section 1983 imposes liability for violations of rights protected by the Constitution, not

ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT RE:
DEFENDANTS' AFFIRMATIVE DEFENSE ALLEGING COMPARATIVE FAULT
AGAINST OTHERS - 4

for violations of duties of care arising out of tort law"), and by its statement in *Daniels v. Williams*, 474 U.S. 327, 333, 106 S.Ct. 662, 666 (1986) ("injuries inflicted by governmental negligence are not addressed by the United States Constitution").[1]  Furthermore, in the Ninth Circuit, liability under Section 1983 requires proof "the acts or omissions of the defendant were intentional[.]"  Manual of Model Civil Ruly Instructions (9th Cir. 2004 ed.), Section 11.1, www.ce9.uscourts.gov.  Thus, because comparative fault is inapplicable in the context of an intentional tort, *Morgan*, 137 Wash.2d at 896, 976 P.2d at 623, the Court concludes Defendants' affirmative defense of comparative fault is inapplicable to Plaintiffs' Section 1983 claims.

### C.   *Plaintiffs' Negligence Claims*

Although Washington's comparative fault statute is not applicable to Plaintiffs' assault claims or Plaintiffs' claims under Section 1983, it is applicable to Plaintiffs' negligence claims.  Under Washington's comparative fault statute, Plaintiffs' damages are diminished in proportion to the percentage of negligence attributable to them or to other third parties.  RCW 4.22.005.  Contributory negligence is negligence on the part of the person claiming injury that is a proximate cause of the injury claimed.  Washington Pattern Jury Instructions, 11.01.  The essential elements in an action for

---

[1] In *Zinermon v. Burch*, 494 U.S. 113, 129 n. 14 , 110 S.Ct. 975, 985 (1990), the Supreme Court described *Daniels v. Williams* as ruling "that a negligent act by a state official does not give rise to § 1983 liability."

ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT RE: DEFENDANTS' AFFIRMATIVE DEFENSE ALLEGING COMPARATIVE FAULT AGAINST OTHERS - 5

negligence include:  (1) the existence of a duty owed to the complaining party, (2) breach of that duty; (3) resulting injury, and (4) proximate cause between the breach and the injury.  *Christen v. Lee*, 113 Wash.2d 479, 488, 780 P.2d 1307 (1989).  Thus, the threshold issue is whether there was duty owed.  *Taylor v. Stevens County*, 111 Wash.2d 159, 164, 759 P.2d 447 (1988).  The existence of duty is a question of law.  *Hutchins v. 1001 Fourth Ave. Assocs.*, 116 Wash.2d 217, 220, 802 P.2d 1360 (1991).  However, once the initial determination of duty has been made by the Court, the trier of fact determines the scope of liability associated with that duty.  *Bernethy v. Walt Failor's Inc.*, 97 Wash.2d 929, 933, 653 P.2d 280 (1982).  In carrying out this responsibility, the trier of fact must determine whether the harm sustained was foreseeable.  *Christen*, 113 Wash.2d at 492, 780 P.2d 1307 ("The concept of foreseeability limits the scope of duty owed.").

Here, Defendants allege the following individuals and entities are at fault for the Plaintiffs' injuries:  Top of China, The Attic, its agents or employees, the Omega Psi Phi Fraternity, and Ira Davis, Alvin Tolliver, Fred Shavies, Reggie Robinson, Johnny Jones, Damon Arnold, Quincy Jones, Quantavian Wilson, Aaron Morris, Derrick Lang, and Corey.  Answer, ¶ 14.  Plaintiffs argue that none of the facts support a finding of "fault" with respect to any of these individuals or non-party entities.

//

ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT RE:
DEFENDANTS' AFFIRMATIVE DEFENSE ALLEGING COMPARATIVE FAULT
AGAINST OTHERS - 6

### *Owners of Top of China and The Attic*

As a general rule, there is no duty to prevent third persons from physically harming others. *Taggart v. Sandau*, 118 Wash.2d 195, 218, 822 P.2d 25 (1992).  An exception to this general rule arises when

> (a) a special relation exists between the actor and the third person which imposes a duty upon the actor to control the third person's conduct, or
> (b) a special relation exists between the actor and the other which gives to the other a right to protection.

*Id.* (quoting Restatement (Second) of Torts § 315 (1965)).  A special relationship exists between a business and its invitee that gives rise to a duty of the business to protect the invitee against harmful conduct by third persons. *Nivens v. 7-11 Hoagy's Corner*, 133 Wash.2d 192, 202, 943 P.2d 286 (1997).  Here, the Top of China and The Attic is a business and Plaintiffs, as patrons, are invitees.  Thus, the Top of China and The Attic ("Owners") owed the Plaintiffs a duty of reasonable care to protect them from harmful conduct of others. *Christen*, 113 Wash.2d at 504, 780 P.2d 1307.  The owner of a tavern also has a statutory duty to refrain from furnishing alcohol to minors and to an obviously intoxicated person. *Schooley v. Pinch's Deli Market, Inc.*, 134 Wash.2d 468, 480, 951 P.2d 749, 755-56 (1998); *Estate of Kelly*, 127 Wash.2d 31, 37, 896 P.2d 1245, 1247 (1995); *Christen*, 113 Wash.2d at 491, 780 P.2d 1307.

The duty of the Owners to prevent third party injuries to Plaintiffs as a business-invitee is not absolute.  It is limited by the concept of foreseeability. *Christen*, 113 Wash.2d at 492, 780 P.2

ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT RE:
DEFENDANTS' AFFIRMATIVE DEFENSE ALLEGING COMPARATIVE FAULT
AGAINST OTHERS - 7

1307; *Nivens*, 133 Wash.2d at 202; 943 P.2d 286.  Specifically, the Owners' duty to prevent third party injuries extends only to those injuries "reasonably perceived as being within the general field of danger covered by" the business-invitee duty.  *Christen*, 113 Wash.2d at 492, 780 P.2d 1307.  Here, the injuries Plaintiffs complain of were not caused by a direct act or omission by the Owners, but by an intervening third party.  In some circumstances, an intervening act by a third party may be foreseeable.  *McLeod v. Grant County. Sch. Dist. No. 128*, 42 Wash.2d 316, 329, 255 P.2d 360 (1953).  However, the Washington Supreme Court has stated that "an intervening act is not foreseeable if it is so highly extraordinary or improbable as to be wholly beyond the range of expectability."  *Christen*, 113 Wash.2d at 492, 780 P.2d 1307 (citation and internal quotations omitted).  Thus, it is not...the unusualness of the act that resulted in injury to plaintiff that is the test of foreseeability, but whether the result of the act is within the ambit of the hazards covered by the duty imposed upon" the Owners by the business-invitee relationship. *Rikstad v. Holmberg*, 76 Wash.2d 265, 269, 456 P.2d 355 (1969).

Here, Defendants argue Plaintiffs' injuries were foreseeable because the Owners (1) illegally over-packed a small club; (2) failed to provide adequate security; and (4) failed to remove intoxicated persons from the club (i.e. Alvin Tolliver).  Defendants rely on *Miller v. Staton*, 354 P.2d 891, 892 (1960), wherein the Washington Supreme Court held that the duty of a tavern keeper to protect a patron from injury by another arises only when one or more of the

ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT RE:
DEFENDANTS' AFFIRMATIVE DEFENSE ALLEGING COMPARATIVE FAULT
AGAINST OTHERS - 8

following circumstances exist: (1) the "tavern keeper failed to stop a fight as soon as possible after it started"; (2) the "tavern keeper failed to provide a staff adequate to police the premises"; and (3) the "tavern keeper tolerated disorderly conditions."  354 P.2d 891, 892 (1960).  Here, the record shows the existence of material issues of fact with respect to these conditions.  However, in *Miller,* the plaintiff, a patron of the defendant's bar, was injured by another patron in a bar fight.  Here, Plaintiffs were injured by an intervening, third party.  Thus, *Miller* does not control the foreseeability question in this case.

Although foreseeability is normally an issue for the jury, it will be decided as a matter of law where reasonable minds cannot differ.  *Christen*, 113 Wash.2d at 492, 780 P.2d 1307.  Here, the Court concludes that the Officers' use of O.C. spray was "so highly extraordinary or improbable as to be wholly beyond the range of expectability."  *Id.*  The Court concurs with the Plaintiffs and finds as a matter of law that the injuries sustained bu Plaintiffs because of the Officers' use of O.C. were so unexpected they could not have been reasonably foreseen by the Owners.  Reasonable minds would agree the Officers' use of O.C. spray was outside the "general field of danger" from which the Owners, as a business, had a duty to protect its invites, the Plaintiffs.

Defendants also argue the Plaintiffs' injuries were foreseeable because the Owners over-served drunk individuals and served alcohol to minors.  The serving of alcohol to any Plaintiffs who were minors or

ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT RE:
DEFENDANTS' AFFIRMATIVE DEFENSE ALLEGING COMPARATIVE FAULT
AGAINST OTHERS - 9

who were "obviously intoxicated" is a breach of the Owners' duty. *Schooley v. Pinch's Deli Market, Inc.*, 134 Wash.2d 468, 480, 951 P.2d 749, 755-56 (1998); *Estate of Kelly*, 127 Wash.2d 31, 37, 896 P.2d 1245, 1247 (1995); *Christen*, 113 Wash.2d at 491, 780 P.2d 1307. However, before liability can be imposed for that breach, it must also be established that the resulting harm was foreseeable. *Christen*, 113 Wash.2d at 491, 780 P.2d 1307. The *Christen* court held that an assault is not a foreseeable result of furnishing intoxicating liquor to an obviously intoxicated person, unless the drinking establishment which furnished the intoxicating liquor had some notice of the possibility of harm from prior actions of the persons causing the injury, either on the occasion of the injury, or on previous occasions. 113 Wash.2d at 492, 780 P.2d 1307. Here, even if the Owners did breach their duty by furnishing alcohol to obviously intoxicated persons and/or minors, Plaintiffs' injuries sustained as a consequence of the Officers' use of O.C. spray were not a foreseeable result because there is no evidence that the Owners had any notice that the Officers would arrive and use O.C. spray on a crowd of people inside a building.

### *Plaintiffs Arnold and Jones*

Defendants contend Plaintiffs Arnold and Jones were hired as security guards and that they therefore assumed a duty to protect the individuals at the social event. However, when the fight broke out, these two faculty advisors where allegedly across the street drinking at another bar. Therefore, Defendants argue Plaintiffs Arnold and

ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT RE:
DEFENDANTS' AFFIRMATIVE DEFENSE ALLEGING COMPARATIVE FAULT
AGAINST OTHERS - 10

Jones were negligent because they abandoned their duties and
responsibilities as chaperones.

Washington courts recognize that "liability can arise from the
negligent performance of a voluntarily undertaken duty." *Folsom v.
Burger King*, 135 Wash.2d 658, 676, 958 P.2d 301 (1998). "A person who
undertakes, albeit gratuitously, to render aid to or warn a person in
danger is required by Washington law to exercise reasonable care in
his or her efforts. *Id.* (citing *Brown v. MacPherson's, Inc.*, 86
Wash.2d 293, 299, 545 P.2d 13 (1975)). Assuming, without deciding,
that Plaintiffs Arnold and Jones did breach their duty, before
liability attaches, it must also be established that Plaintiffs'
injuries were a foreseeable result of that breach. However, as the
Court determined above, Plaintiffs' injuries were not reasonably
foreseeable to the Owners because the Officers' use of O.C. were so
unexpected. For the same reasons, Plaintiffs' injuries were not a
reasonably foreseeable consequence of any duty the "chaperones" may
have breached.

### *Disc Jockey & Hosts and Planners of the Social Event*

Defendants argue Damon Golden, the disc jockey for the social
function, is also at fault because he initiated the fight by playing
the theme song of one of two fraternities who were on the dance floor.
However, Defendants do not specify what duty Damon Golden allegedly
breached in playing certain songs in his capacity as the disc jockey.
Reasonable minds would agree Damon Golden did not breach his duty to

ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT RE:
DEFENDANTS' AFFIRMATIVE DEFENSE ALLEGING COMPARATIVE FAULT
AGAINST OTHERS - 11

use "reasonable care" in performing his job as a disc jockey by playing a certain song.  Therefore, the Court concludes Defendants cannot apportion fault to the disc jockey solely for his choice of music.

Defendants also argue they should be able to apportion fault to the fraternity that hosted the party (Omegas) and those individuals who helped organize the party.  However, Defendants have not pointed to any specific duty that these individuals and/or entities allegedly breached and how Plaintiffs' injuries were the foreseeable consequences of that breach.  A defendant is not entitled to present an affirmative defense unless it can produce evidence sufficient to prove the defense by a preponderance of the evidence; a mere scintilla of evidence does not satisfy this burden.  *Boyle v. Lewis*, 30 Wash.2d 665, 676, 193 P.2d 332 (1948).  Therefore, the Court concludes the planning of the social function does not, in itself, allow Defendants to apportion fault for the Plaintiffs' injuries to those individuals and/or entities who organized and planned the social event.

## IV.  CONCLUSION

Neither the facts contained in the record nor the reasonable inferences therefrom create a genuine issue of material fact that the Plaintiffs' injuries sustained from the Officers' use of O.C. spray were reasonably foreseeable to the Owners.  Therefore, the Court concludes reasonable minds would agree the Officers' use of O.C. spray was outside the "general field of danger" from which the Owners, as a

ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT RE:
DEFENDANTS' AFFIRMATIVE DEFENSE ALLEGING COMPARATIVE FAULT
AGAINST OTHERS - 12

business, had a duty to protect its invitees, the Plaintiffs. Therefore, Defendants cannot apportion fault to the Top of China and The Attic.  For these same reasons, the Court determines the Defendants cannot apportion fault to the individuals and entities responsible for the planning of the social event, solely for their role in planning and organizing the social event.  Further, the Court concludes Defendants cannot apportion fault to the disc jockey solely for his choice of music.  Finally, Defendants cannot apportion fault to Plaintiffs Arnold and Jones on the basis that they breached their duty as "chaperones."  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Summary Judgment Re:  Defendants' Affirmative Defense Alleging Comparative Fault Against Others, **Ct. Rec. 198**, is **GRANTED** to the extent indicated herein.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this <u>14th</u> day of April, 2006.

<u>        s/ Fred Van Sickle        </u><br>
Fred Van Sickle<br>
United States District Judge

ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT RE:
DEFENDANTS' AFFIRMATIVE DEFENSE ALLEGING COMPARATIVE FAULT
AGAINST OTHERS - 13