UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NICOLE LOGAN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CITY OF PULLMAN POLICE DEPARTMENT, et al.,<br><br>    Defendants. | No. CV-04-214-FVS<br><br>ORDER GRANTING DEFENDANT WILLIAM WEATHERLY'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** is Defendant William Weatherly's Motion for Summary Judgment (Ct. Rec. 304). Plaintiffs are represented by Darrell Cochran and Thaddeus Martin. Defendants are represented by Andrew Cooley, Stewart Estes, Kim Waldbaum and Richard Jolley.

I.  **BACKGROUND**

Plaintiffs' Amended Complaint asserts claims under 42 U.S.C. § 1983 against the City of Pullman Police Department and Chief Weatherly, in his individual and official capacity, for (1) "official policies and customs fostering the unlawful use of police force and racial discrimination" and "for decisions made by officials with final decision-making authority that resulted in unlawful police force and racial discrimination", Complaint, at ¶ 6.1.5; (2) "for deliberate indifference in failure to adopt appropriate policies and training to prevent the unlawful use of police force and to prevent racially

discriminatory police conduct that results in the deprivation of civil rights", Complaint, at ¶ 6.1.6; and (3) "failure to supervise and train its officers", Complaint, at ¶ 6.1.7.  The Court previously dismissed all of these claims against the City of Pullman Police Department and against Chief Weatherly in his official capacity.  (Ct. Rec. 303)[1].  Chief Weatherly now moves for summary judgment dismissal, with prejudice, of the remaining federal claims against him in his individual capacity.

## II. DISCUSSION

There is no respondeat superior liability under 42 U.S.C. § 1983. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  However, liability under Section 1983 may be imposed against a supervisory official in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates. *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991) (citation omitted).  An official who has failed to prevent a constitutional violation, by inadequately training, supervising or investigating his subordinates, may be liable under Section 1983 if the plaintiff shows (1) the supervisor possessed the requisite culpable state of mind; and (2) a causal connection between the supervisor's action or inaction and the infliction of the alleged constitutional harm. *See e.g., Redman v. County of San Diego*, 942 F.2d 1435, 1446-47 (9th Cir. 1991) (en banc), *cert. denied*, 502 U.S.

---

[1] Order Granting Defendants' Motion for Summary Judgment Re: Plaintiffs' 42 U.S.C. § 1983 Claims (hereinafter "Order").

ORDER GRANTING DEFENDANT WILLIAM WEATHERLY'S MOTION FOR SUMMARY JUDGMENT - 2

1074, 112 S.Ct. 972, 117 L.Ed.2d 137 (1992).  Culpability is established by showing a supervisor was deliberately indifferent to "acts by others which the [supervisor] knows or reasonably should know would cause others to inflict the constitutional injury."  *Id.* at 1447.

Plaintiffs argue Chief Weatherly is liable in his individual capacity for his failure to provide adequate training to the Officers on the use of O.C. spray indoors and for enacting a policy that equates the use of O.C. spray with a peaceful escort.  However, the Court previously dismissed these claim against the Pullman Police Department and Chief Weatherly, in his official capacity. Specifically, the Court found that Plaintiffs failed to raise an issue of material fact with respect to whether the Police Department and Chief Weatherly, in his official capacity, adopted this policy with deliberate indifference as to its known or obvious consequences.[2] (Order, at 7).  The Court further found that Plaintiffs "failed to submit sufficient evidence showing the City [of Pullman Police Department] exhibited "deliberate indifference" to the training of its police officers in the area of O.C. spray[.]"  (Order, at 7). Plaintiffs present no authority allowing the Court to hold Chief

---

[2] "Moreover, even if Plaintiffs had presented sufficient evidence to create an issue of material fact as to whether the portion of the City's PPD Manual that equates the use of O.C. spray with an escort was deliberately indifferent to the Plaintiffs' constitutional right to be free from excessive force, Plaintiffs have not satisfied the third prong of *Gibson*. Plaintiff have not presented any evidence illustrating that such policy was the "moving force" behind the Plaintiffs' constitutional deprivations."  (Order, at 7).

ORDER GRANTING DEFENDANT WILLIAM WEATHERLY'S MOTION FOR SUMMARY JUDGMENT - 3

Weatherly liable in his individual capacity for claims the Court has already dismissed against Chief Weatherly in his official capacity. Therefore, with respect to these claims, Plaintiffs' Memorandum in Opposition to Defendant Weatherly's Motion for Summary Judgment appears to be a motion for reconsideration. However, any motion for reconsideration at this stage would be untimely.

Plaintiffs also argue Chief Weatherly is liable in his individual capacity for Plaintiffs' Constitutional violations because Chief Weatherly did not discipline the individual Officers after the incident at the Top of China. Plaintiffs argue that in failing to discipline the Officers, Chief Weatherly "condoned, ratified, and encouraged the excessive use of force" displayed by the Officers when responding to the Top of China. In support of this argument, Plaintiffs point the Court to only one case. *See Larez v. City of Los Angeles*, 946 F.2d 630 (9th Cir. 1991) (holding that failure to reprimand after an investigation in response to a subordinate's conduct that violate's a plaintiff's constitutional right may be sufficient to hold a supervisor responsible for constitutional deprivations).

Ratification may form the basis for liability under Section 1983 "[i]f the authorized policymakers approve a subordinate's decision and the basis for it...." *Haugen v. Brosseau*, 339 F.3d 857, 875 (9th Cir. 2003), *rev'd on other grounds*, 543 U.S. 194, 125 S.Ct. 596, 160 L.Ed.2d 583 (2004). However, the plaintiff must still "prove [] the existence of an unconstitutional policy." *Id.* (quotations omitted). While a single decision *may* be sufficient to trigger Section 1983

ORDER GRANTING DEFENDANT WILLIAM WEATHERLY'S MOTION FOR SUMMARY JUDGMENT - 4

liability, "the plaintiff must show that the triggering decision was the product of a conscious, affirmative choice to ratify the conduct in question." *Id.* (citation and internal quotations omitted).

In *Larez*, there was evidence the police chief created or maintained a policy by which citizen complaints against officers were rarely sustained. An expert testified to the multiple deficiencies and improprieties regarding the police department's procedures and investigation. For example, the unit being investigated, as opposed to a separate internal affairs unit, was given responsibility for passing upon the citizen's complaints. *Larez*, 946 F.2d at 647. The conclusion that the department had a policy of not reprimanding officers for use of excessive force was further corroborated by a two-year comparative study demonstrating that it was "almost impossible for a police officer to suffer discipline as the result of a complaint lodged by a citizen" and that it was as if "something had to be done on film for the department to buy the citizen's story." *Id*. The plaintiffs in *Larez* also presented evidence that the police chief signed a letter, informing the plaintiff that none of his complaints would be sustained. *Id.*

On the other side of the spectrum, the Ninth Circuit granted summary judgment against the plaintiff in *Haugen* because there were no facts that the single failure to discipline the officer rose to the level of a "ratification." *Haugen*, 339 F.3d at 875 (citing with approval *Santiago v. Fenton*, 891 F.2d 373, 382 (1st Cir. 1989) (holding that a failure to discipline in two instances did not demonstrate a sufficiently widespread municipal policy to hold the

ORDER GRANTING DEFENDANT WILLIAM WEATHERLY'S MOTION FOR SUMMARY JUDGMENT - 5

city liable under *Monell*)).  Thus, the court held that the plaintiff failed to demonstrate the decision not to discipline the officer was a conscious, affirmative choice to ratify the alleged use of excessive force.  *Id.*

While *Larez* and *Haugen* stand for the proposition that the failure to reprimand may support a finding of a municipal policy of deliberate indifference to constitutional violations, neither stands for the proposition that whenever a supervisor or municipality's investigation fails to lead to a reprimand or discharge of an employee, a policy giving rise to Section 1983 liability is deemed to exist.  The Ninth Circuit appears to require more than a failure to reprimand to establish ratification leading to liability.  *See e.g., Henry v. County of Shasta*, 132 F.3d 512, 519 (9th Cir. 1997).  In *Henry*, the plaintiff proved only that the officers' conduct in a single incident showed a disregard for human life and safety, but the court held that "the police chief's failure to respond to the situation or to make changes in order to prevent recurring violations evidenced the city's preexisting policy of deliberate indifference to the dangerous recklessness of its police officer."  132 F.3d at 519.  However, in *Henry*, the court did not rely exclusively on the failure to reprimand in the single incident in finding a policy of deliberate indifference to constitutional violations.  The *Henry* court determined that evidence of other incidents, similar to that alleged by the plaintiff, occurring after Mr. Henry had filed suit and "after being put on notice unequivocally of its deputies' ... unconstitutional treatment of Henry," was "persuasive evidence of deliberate indifference or of a

policy encouraging such official misconduct." *Henry*, 132 F.3 at 519.

Here, the Court concludes that Chief Weatherly's post-event conduct (failure to discipline) does not rise to the level of post-event ratification described in *Henry* and *Larez*. In *Larez*, the police chief had significantly more involvement with the constitutional violations than Chief Weatherly is alleged to have had in this case. Further, Plaintiffs present no evidence that Chief Weatherly created or maintained a policy whereby civilian complaints of excessive force are meaningless or officers are routinely exonerated of wrongdoing. Unlike *Larez*, Plaintiffs don't present any evidence that Chief Weatherly received complaints for excessive force by the Pullman Police Department *prior* to the incident at issue. Unlike *Henry*, Plaintiffs have not pointed to any evidence of other incidents of excessive force involving O.C. spray occurring after the incident at issue in this case. Further, Plaintiffs have not presented any evidence to demonstrate that the investigations into the events involved in this action were wholly inadequate or meaningless. In contrast to *Larez*, here, the City of Pullman hired an independent investigator, Robert Keppel, Ph.D., who issued a lengthy report concluding that there were no constitutional violations. In fact, Plaintiffs can't, in good faith, now label Dr. Keppel's report inadequate because Plaintiffs themselves have previously relied on Dr. Keppel's report.

To establish the requisite culpability that would enable Plaintiffs to hold Chief Weatherly liable in his individual capacity, Plaintiffs must show Chief Weatherly was deliberately indifferent to

ORDER GRANTING DEFENDANT WILLIAM WEATHERLY'S MOTION FOR SUMMARY JUDGMENT - 7

acts by others which he knew or reasonably should have known would cause others to inflict Plaintiffs' alleged constitutional injuries. *See Redman*, 942 F.2d at 1447. Without something more, challenging Chief Weatherly's discipline decisions *after* the incident does not satisfy this deliberate indifference standard. Plaintiffs have not demonstrated that the decision not to discipline the Officers was a conscious, affirmative choice to ratify the Officers' alleged use of excessive force. *See Haugen*, 339 F.3d at 875. For these reasons, the Court determines Plaintiffs have failed demonstrate that a triable issue of fact exists as to whether Chief Weatherly's post-event conduct evidences a preexisting municipal policy of deliberate indifference to its police officers' unconstitutional use of excessive force through the use of O.C. spray. Therefore, the Court grants Chief Weatherly's Motion for Summary Judgment and dismisses the Plaintiffs' remaining federal claims against Chief Weatherly in his individual capacity with prejudice. Accordingly,

**IT IS HEREBY ORDERED** that Defendant William Weatherly's Motion for Summary Judgment (**Ct. Rec. 304**) is **GRANTED.**

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this 24th day of April, 2006.

              s/ Fred Van Sickle
                Fred Van Sickle
          United States District Judge

ORDER GRANTING DEFENDANT WILLIAM WEATHERLY'S MOTION FOR SUMMARY JUDGMENT - 8