UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NICOLE LOGAN, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>CITY OF PULLMAN POLICE DEPARTMENT, et al.,<br><br>        Defendants. | No. CV-04-214-FVS<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS |

**BEFORE THE COURT** is Defendants' Motion for Judgment on the Pleadings (Ct. Rec. 313). Plaintiffs are represented by Darrell Cochran and Thaddeus Martin. Defendants are represented by Andrew Cooley, Stewart Estes, Kim Waldbaum and Richard Jolley.

**I.  BACKGROUND**

Plaintiffs' Amended Complaint for Injunctive Relief and Damages (Ct. Rec. 137) names the "City of Pullman Police Department" as a defendant. The Amended Complaint alleges that the "City of Pullman Police Department" is a municipal entity existing pursuant to and under the laws of the City of Pullman in the State of Washington. Amended Complaint, ¶ 4.2.1. The Amended Complaint also alleges that the "Pullman Police Department is a political subdivision in the State of Washington and constitutes a "person" for purposes of 42 U.S.C. § 1983 and § 1988." *Id.,* ¶ 6.1.2.

ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS - 1

Pursuant to Federal Rule of Civil Procedure 12(c), Defendant City of Pullman Police Department moves for dismissal of the claims against it on the grounds that it is not a legal entity subject to suit.

**II.   DISCUSSION**

42 U.S.C. § 1983 applies to the actions of "persons" acting under the color of state law.  It is beyond dispute that a municipality may be sued as a "person" under 42 U.S.C. § 1983. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690, 98 S.Ct. 2018, 2035, 56 L.Ed.2d 611 (1978); *Luthern Day Care v. Snohomish County*, 119 Wash.2d 91, 118, 829 P.2d 746 (1992).  However, "neither a state nor its officials acting in their official capacities are "persons" under § 1983. *Wills v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).  "Moreover, municipal police departments and bureaus are generally not considered "persons" within the meaning of 42 U.S.C. § 1983." *United States v. Kama*, 394 F.3d 1236, 1239-40 (9th Cir. 2005) (citing *Hervey v. Estes*, 65 F.3d 784 (9th Cir. 1995) (holding that TNET, an intergovernmental association composed of the Tacoma Police Department, the Summer Police Department, Pierce County Sheriff's Department, Pierce County Prosecutor's Office, and the Washington State Patrol, with authority to investigate suspected drug operations, was not an entity or person subject to suit under Section 1983 because there was insufficient evidence to show TNET intended to create a separate legal entity subject to suit), *Dean v. Barger*, 951 F.2d 1210, 1214 (11th Cir. 1992) (recognizing that sheriffs' departments and police departments are not usually considered legal entities subject to suit) and *Smith-Berch,*

ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS - 2

*Inc., v. Baltimore County*, 68 F.Supp.2d 602, 626-27 (D.Md. 1999) (citing cases for proposition that municipal departments, including police departments, are not persons within the meaning of 42 U.S.C. § 1983)); *see also West By and Through Norris v. Waymire*, 114 F.3d 646 (7th Cir. 1997) (assuming that Town's Police Department would not be appropriate defendant in 1983 action because it's not a an entity separate from the Town); *Ricketts v. City of Hartford*, 74 F.3d 1397, 1400 n. 1 (2d Cir. 1996) (presuming that Hartford Police Department would not be appropriate defendant in Section 1983 action separate and independent from City of Hartford); *Collins v. West Hartford Police Dept.*, 380 F.Supp.2d 83, 92 (D.Conn. 2005) ("the municipality itself, not an agency or instrumentality of the municipality, is a proper legal entity subject to suit under Section 1983."); *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991) (finding that Texas county sheriffs and police departments are generally not legal entities capable of being sued).

Furthermore, the Pullman Police Department does not have the capacity to be sued under state law. The "capacity to sue or be sued shall be determined by the law of the state in which the district court is held[.]" Fed.R.Civ.P. 17(b). The Washington Legislature has waived sovereign immunity for all "local governmental entities." RCW 4.96.010. This term is narrowly defined to include "a county, city, town, special district, municipal corporation ... quasi-municipal corporation, or public hospital." RCW 4.96.010(2); *see also*, RCW 39.50.010 (defining municipal corporation to include any city, county town, and separately created "districts" such as school districts,

ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS - 3

park districts and fire protection districts).  Plaintiffs have failed to show that the City of Pullman ever granted its Police Department the capacity to engage in separate litigation.

The Court concludes that the Pullman Police Department is not a "person" subject to suit under 42 U.S.C. § 1983 and it does not have the capacity to sue or be sued under Washington state law. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Judgment on the Pleadings (**Ct. Rec. 313**) is **GRANTED**.  All claims against the City of Pullman Police Department are **DISMISSED**.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this <u>24th</u> day of April, 2006.

                         s/ Fred Van Sickle
                            Fred Van Sickle
                   United States District Judge