UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NICOLE LOGAN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CITY OF PULLMAN POLICE DEPARTMENT, et al.,<br><br>    Defendants. | No. CV-04-214-FVS<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND DISMISSAL OF DEFENDANTS' COUNTERCLAIMS |

**BEFORE THE COURT** is Plaintiffs' Motion for Summary Judgment and Dismissal of Defendants' Counterclaims. (Ct. Rec. 119). Plaintiffs are represented by Darrell Cochran and Thaddeus Martin. Defendants are represented by Andrew Cooley, Stewart Estes, Kim Waldbaum and Richard Jolley.

**I.    BACKGROUND**

This is a class action arising from the response of the City of Pullman Police Department to an altercation at the Top of China Restaurant and Attic Nightclub on September 8, 2002. The facts in this case were set forth in detail in the Court's Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment Re: Qualified Immunity (Ct. Rec. 240). Plaintiffs assert claims for damages under 42 U.S.C. § 1983, alleging the individually named Defendant Officers' use of pepper spray constituted excessive force.

ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT DISMISSAL
OF DEFENDANTS' COUNTERCLAIMS - 1

Pursuant to RCW 4.24.360, Defendants assert a counterclaim for malicious prosecution, alleging each and "every Plaintiff has made false, unfounded and defamatory statements about the Defendant Police Officers" and therefore, "Plaintiffs' claims are frivolous." *See* Answer, 11-12:8-10. Defendants seek liquidated damages of $1,000 against each Plaintiff. Plaintiffs move for summary judgment and dismissal of Defendants' counterclaims.

## II. SUMMARY JUDGMENT STANDARD

A moving party is entitled to summary judgment when there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 316, 323, 106 S.Ct. 2548, 2552 (1986). "A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth." *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1306 (9th Cir. 1982). Inferences drawn from facts are to be viewed in the light most favorable to the non-moving party, but that party must do more than show that there is some "metaphysical doubt" as to the material facts. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 572, 586-87, 106 S.Ct. 1348, 1356 (1986). There is no issue for trial "unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511 (1986). A mere "scintilla of evidence" in support of the non-moving party's position is insufficient to defeat a motion for summary judgment. *Id.* at 252, 106 S.Ct. at 2512. The non-moving party cannot rely on conclusory

allegations alone to create an issue of material fact.  *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).  Rather, the non-moving party must present admissible evidence showing there is a genuine issue for trial.  Fed.R.Civ.P. 56(e); *Brinson v. Linda Rose Joint Venture*, 53 f.3d 1044, 1049 (9th Cir. 1995).  An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510.  "If the evidence is merely colorable...or is not significantly probative,...summary judgment may be granted."  *Id.* at 249-50, 106 S.Ct. at 2511 (citations omitted).

**III. DISCUSSION**

"Actions for malicious prosecution are not favored in the law, although they will be readily upheld when the proper elements have been established."  *Clark v. Baines*, 150 Wash.2d 905, 911, 84 P.3d 245, 248 (2004).  Washington law recognizes an action for malicious prosecution as a remedy where a civil suit has been wrongfully initiated.  *Id.* (citing RCW 4.24.350(1)).  RCW 4.24.350 provides, in pertinent part,

> (1) In any action for damages, whether based on tort or contract or otherwise, a claim or counterclaim for damages may be litigated in the principal action for malicious prosecution on the ground that the action was instituted with knowledge that the same was false, and unfounded, malicious and without probable cause in the filing of such action, or that the same was filed as a part of a conspiracy to misuse the judicial process by filing an action known to be false and unfounded.
>
> (2) In any action, claim, or counterclaim brought by a ... law enforcement officer for malicious prosecution arising out of the performance or purported performance of the public duty of

ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT DISMISSAL OF DEFENDANTS' COUNTERCLAIMS - 3

> such officer, an arrest or seizure of property need not be an element of the claim, nor do special damages need to be proved. A ... law enforcement officer prevailing in such an action may be allowed an amount up to one thousand dollars as liquidated damages, together with a reasonable attorneys' fee, and other costs of suit. A government entity which has provided legal services to the prevailing judicial officer, prosecuting authority, or law enforcement officer has reimbursement rights to any award for reasonable attorneys' fees and other costs, but shall have no such rights to any liquidated damages allowed.

A malicious prosecution claim arising from a civil action requires the claimant to prove seven elements: (1) that the prosecution claimed to have been malicious was instituted or continued by the defendant; (2) that there was want of probable cause for the institution or continuation of the prosecution; (3) that the proceedings were instituted or continued through malice; (4) that the proceedings terminated on the merits in favor of the plaintiff, or were abandoned; (5) that the plaintiff suffered injury or damage as a result of the prosecution; (6) arrest or seizure of property; and (7) special injury (meaning injury which would not necessarily result from similar causes of action)." *Clark*, 150 Wash.2d at 912, 84 P.3d at 249. The Washington Legislature abrogated the fourth element by permitting a defendant to assert a counterclaim for malicious prosecution under RCW 4.24.350. *Brin v. Stutzman*, 89 Wash.App. 809, 951 P.2d 291 (Div. 1, 1998); *see also Hanson v. Estell*, 100 Wash. App. 281, 997 P.2d 426 (Div. 3, 2000) (recognizing holding in *Brin*). Such counterclaims are permitted in the interests of judicial economy and to protect defendants from civil suits without merit. *Brin*, 89 Wash. App. at 819, 951 P.2d at 297. Although the malicious prosecution

ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT DISMISSAL OF DEFENDANTS' COUNTERCLAIMS - 4

plaintiff must prove all required elements, malice and want of probable cause constitute the gist of a malicious prosecution action. *Hanson v. City of Snohomish*, 121 Wash.2d 552, 558, 852 P.2d 295, 298 (1993). Proof of probable cause is an absolute defense to a claim for malicious prosecution. *Id.*

Here, in opposition to Plaintiffs' motion, Defendants focus entirely on the "malice" element. Defendants argue Plaintiffs' reliance on the testimony of Reggie Robinson provides evidence of Plaintiffs' malicious intent in prosecuting this civil action. Specifically, Defendants point to numerous statements from Reggie Robinson that are contradicted by the testimony of other plaintiffs. Since Plaintiffs were aware of these contradictions, Defendants contend Plaintiffs' use of Reggie Robinson's testimony in Plaintiffs' statement of material facts evidences Plaintiffs' "malicious intent." Defendants also argue bad faith and malice are "clearly evident" because several Plaintiffs have made such "fantastic and unbelievable claims." Specifically, Defendants point to (1) Johnny Jones' claims that the police used grenades, smoke devices, and tear gas; (2) Shikita Trahan's testimony that the officers wore gas masks and tossed explosive devices into the building; and (3) Kanisha Buss' claims that the police "let off a couple of bombs" and used tear gas before using pepper spray on unsuspecting students. Defendants argue a "reasonable fact finder could certainly conclude that claims of bombs, grenades, and tear gas are motivated by nothing more than greed and malice."

A "defendant may only assert a malicious prosecution claim under

ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT DISMISSAL OF DEFENDANTS' COUNTERCLAIMS - 5

RCW 4.24.350 based on an improperly filed cause of action and not on an invalid factual allegation made in support of a cause of action that is otherwise supported by probable cause." *Brin*, 89 Wash. App. at 821, 951 P.2d at 299.  Here, Defendants have only pointed to allegedly invalid factual allegations and have failed to address whether Plaintiffs' claims are supported by probable cause.  To state a claim for malicious prosecution, Defendants have to show that one or more of Plaintiffs' causes of action were filed maliciously, not that some of the factual allegations in support of Plaintiffs' claims are malicious.  *See id.*  Thus, although Reggie Robinson's testimony is contradicted by the testimony of other named plaintiffs, this is insufficient to support a claim for malicious prosecution because Plaintiffs' claims are supported by the testimony of many of the other named Plaintiffs.  Furthermore, even if the Plaintiffs' allegations about the Officers' use of chemical forces other than O.C. spray are not believed by the trier of fact, these unsupported factual allegations are insufficient to state a claim for malicious prosecution when the causes of action in Plaintiffs' Complaint are supported by factual allegations from other plaintiffs.

     Defendants also argue that "basic common sense" reveals the "fallacy of Plaintiffs' claims." Specifically, Defendants note that none of the student Plaintiffs have admitted to consuming alcohol at the club on the night in question.  Defendants contend this is "unbelievable" and "belies all common sense" since there were three bars inside the Attic and Top of China.  The fact that all of the

student Plaintiffs have denied using alcohol on the night in question may be unbelievable, but it is not evidence of Plaintiffs' "malicious intent" in prosecuting these claims. Rather, the issue of whether Plaintiffs are "believable" pertains to their credibility. This is an issue for the fact finder, not the Court.

**IV. CONCLUSION**

With respect to the malice element, Defendants only supported their counterclaims by pointing to allegedly inconsistent and unbelievable testimony from the Plaintiffs. This is insufficient to state a claim for malicious prosecution. *See Brin*, *supra*. Beyond the malice element, Defendants failed to address the elements of a *prima facie* case for a malicious prosecution claim. Specifically, Defendants failed to address any of the testimony that provides probable cause for Plaintiffs' claims. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Summary Judgment and Dismissal of Defendants' Counterclaims (**Ct. Rec. 119**) is **GRANTED**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this 24th day of April, 2006.

                              s/ Fred Van Sickle
                                Fred Van Sickle
                        United States District Judge