UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

NICOLE LOGAN, et al.,

        Plaintiffs,

    v.

CITY OF PULLMAN POLICE DEPARTMENT, et al.,

        Defendants.

No. CV-04-214-FVS

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT ANDREW WILSON'S MOTION FOR SUMMARY JUDGMENT

**BEFORE THE COURT** is Defendant Andrew Wilson's Motion for Summary Judgment. (Ct. Rec. 307). Plaintiffs are represented by Darrell Cochran and Thaddeus Martin. Defendants are represented by Andrew Cooley, Stewart Estes, Kim Waldbaum and Richard Jolley.

**I.   BACKGROUND**

On the morning of September 8, 2002, at approximately 1:35 a.m., Defendant Officer Andrew Wilson responded to a call from dispatch requesting assistance at the Top of China restaurant and The Attic nightclub. Officer Wilson arrived after Pullman Police Officers Hargraves, Harris, and Heroff had used O.C. spray. Defendant Wilson did not ever deploy O.C. spray. Upon entering the building, Officer Wilson heard Officer Hargraves giving verbal commands for people to get on the ground and stay on the ground. He also saw a group of females who were yelling and cursing at the other officers. Officer

ORDER GRANTING IN PART AND DENYING IN PARTY DEFENDANT ANDREW WILSON'S MOTION FOR SUMMARY JUDGMENT - 1

Wilson then saw Plaintiff Aaron Morris walking toward Officer Hargraves and Officer Wilson.  Officer Hargraves told Officer Wilson to detain Mr. Morris, who was not responding to commands to stay on the ground.  Officer Wilson held Mr. Morris on the ground while Officer Sontgerath handcuffed Mr. Morris.  Officer Wilson left Mr. Morris inside the building for approximately nine minutes, during which time Mr. Morris suffered from effects of the O.C. spray that had been sprayed on Mr. Morris and inside the building.

Officer Wilson testified during his deposition that he couldn't remove Mr. Morris immediately because of serious crowd control issues.  Plaintiff Dr. Johnny Jones attempted to assist Mr. Morris in relieving the effects of the O.C. spray but Officer Wilson prohibited Dr. Jones from rendering assistance.  However, Officer Wilson testified that Mr. Morris reassured Dr. Jones that he was fine.  After Mr. Morris was removed from the building he was placed in a police officer's vehicle with the windows rolled up completely and his hands cuffed behind his back.  Mr. Morris was left in the vehicle for approximately nine minutes until Officer Sanders came to the vehicle and rolled down the windows.  Mr. Morris was eventually removed from the vehicle and the handcuffs and taken to a nearby ambulance where his eyes were cleaned with water.

Officer Wilson now moves for summary judgment on Plaintiffs' claims.  With the exception of Mr. Morris, no other Plaintiff opposes Officer Wilson's motion.  Therefore, the Court dismisses all claims against Officer Wilson except Mr. Morris' claims.

//

ORDER GRANTING IN PART AND DENYING IN PARTY DEFENDANT ANDREW WILSON'S MOTION FOR SUMMARY JUDGMENT - 2

**II.  DISCUSSION**

Mr. Morris opposes Officer Wilson's motion for summary judgment on four grounds.  Mr. Morris alleges Officer Wilson violated his constitutional rights by (1) committing negligence in failing to inform the other responding officers there was a large function occurring at the Top of China; (2) assaulting him by holding him inside the building while he suffered from the effects of O.C. spray; (3) unlawfully seizing him by arresting him without probable cause; and (4) preventing others from caring for him while he was suffering from the effects of O.C. spray.

### *A.   Negligence*

Mr. Morris asserts Officer Wilson is liable for negligence because he "failed to inform the other responding officers of the large social gathering."  However, Mr. Morris has not presented any evidence showing Officer Wilson was aware of a "large social gathering."  Although Officer Wilson testified he heard about a "dance", nothing in the record suggests he was told it was a "large dance."  In support of his negligence claim, Mr. Morris points to a report from Plaintiffs' police practice expert, Timothy Perry. However, Mr. Perry concluded that the shift sergeant, Officer Wilson's supervisor, was negligent in failing to pass along enough information, not Officer Wilson.

The Court determines Mr. Morris has not pointed to any evidence supporting his claim that Officer Wilson was negligent for his communication or lack of communication with other officers. Therefore, Officer Wilson's motion for summary judgment is granted

ORDER GRANTING IN PART AND DENYING IN PARTY DEFENDANT ANDREW WILSON'S MOTION FOR SUMMARY JUDGMENT - 3

with respect to Mr. Morris' negligence claim.

### B.   Assault

In support of his assault claim, Mr. Morris alleges Officer Wilson prevented Mr. Morris from leaving the building wherein he continued to suffer from the effects of O.C. spray. However, this allegation supports the tort of false imprisonment, not assault. Furthermore, Plaintiffs never pled this theory with respect to their assault claims. Rather, Plaintiffs' assault claims are based on the discharge of the O.C. spray. Specifically, Plaintiffs' assault claims are based on their allegations that the "Individual Defendants Hargraves, Harris, Heroff and Wilson deliberately discharged noxious gas into a confined building occupied by several hundred persons." *Amended Complaint*, at ¶ 6.2. Therefore, since Officer Wilson never used O.C. spray, his motion for summary judgment is granted with respect to Mr. Morris' assault claim.

### C.   Assistance

The Court previously ruled that those plaintiffs who were sprayed directly with O.C. spray may pursue excessive force claims under the Fourth Amendment, but those "Plaintiffs who suffered secondary exposure from the pepper spray and who were not intentionally sprayed may only pursue excessive force claims under the substantive due process clause of the Fourteenth Amendment." Ct. Rec. 240, at 29-30. Here, Mr. Morris alleges his constitutional rights under the Fourteenth Amendment were violated when Officer Wilson prevented Dr. Jones from rendering assistance to Mr. Morris. However, Mr. Morris alleges he was directly sprayed with O.C. Thus, Mr. Morris' excessive

ORDER GRANTING IN PART AND DENYING IN PARTY DEFENDANT ANDREW WILSON'S MOTION FOR SUMMARY JUDGMENT - 4

force claims, including his claims surrounding the adequacy of the assistance he received or did not receive, arise under the Fourth Amendment, not the Fourteenth Amendment. Therefore, Officer Wilson's motion for summary judgment is granted with respect to Mr. Morris' claim that his constitutional rights under the Fourteenth Amendment rights were violated when Officer Wilson prevented Mr. Jones from rendering assistance.

Whether Officer Wilson violated Mr. Morris' Fourth Amendment rights when he was left inside the building suffering from the effects of O.C. spray for nine minutes is a separate issue. As Defendants previously acknowledged, the law in the Ninth Circuit is clearly established in that when a suspect is intentionally sprayed with O.C., an officer may not intentionally refuse to provide assistance once the suspect is under control. The Court previously denied qualified immunity to the individual Defendant Officers with respect to Plaintiffs' Fourth Amendment claims, holding that "a reasonable officer would know he has an obligation to render assistance after using O.C. and alleviate the symptoms of those individuals who were sprayed with O.C." Ct. Rec. 299, at 7.

Here, Officer Wilson contends it was reasonable, under the circumstances, to leave Mr. Morris handcuffed inside the building until crowd control issues were resolved and Mr. Morris could be taken out of the building. However, it is unclear whether Mr. Morris asked Officer Wilson for assistance and whether Officer Wilson intentionally refused to provide assistance to Mr. Morris. Further, it is unclear whether leaving Mr. Morris inside a police vehicle with the windows

completely rolled for approximately 9 minutes before being provided assistance in alleviating the symptoms of the O.C. spray constitutes excessive force.  Furthermore, the record before the Court does not reveal whether it was Officer Wilson, or another officer, that actually placed Mr. Morris in the police car with the windows closed.

Because these questions raise material issues of fact, Officer Wilson's motion for summary judgment is denied with respect to Mr. Morris' excessive force claim under the Fourth Amendment.  The Defendants argue Officer Wilson is entitled to qualified immunity on any excessive force claim Mr. Morris asserts under the Fourth Amendment, but the parties have not briefed this issue.

### D.   *Unlawful Seizure*

Mr. Morris contends he was unlawfully seized in violation of the Fourth Amendment when he was arrested[1] and handcuffed by Officer Wilson without probable cause.  However, neither Mr. Morris nor any other Plaintiff ever asserted this claim in Plaintiffs' Amended Complaint.  Therefore, Officer Wilson's motion for summary judgment is granted with respect to Mr. Morris' claim that he was arrested without probable cause.

However, even if the Court were to permit Mr. Morris to assert a claim for unlawful arrest at this stage of the proceedings, Officer Wilson would still be entitled to summary judgment because he lawfully detained Mr. Morris under the collective knowledge doctrine.  Under the collective knowledge doctrine, police officers are entitled to

---

[1] Defendants argue that although Mr. Morris was handcuffed and detained, he was not arrested.

rely upon information provided by other officers. *United States v. Jensen*, 425 F.3d 698, 704 (9th Cir. 2005). Sometimes, an officer's authority to arrest a suspect is based on facts known only to his superior or associate. *Id.* at 704-05 (citation omitted). Thus, although Officer Wilson did not have to have personal knowledge of the basis for Officer Hargraves' request to detain Mr. Morris, Officer Wilson was entitled to rely upon Officer Hargraves' knowledge of the facts and detain Mr. Morris. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Officer Wilson's Motion for Summary Judgment **(Ct. Rec. 307)** is **DENIED IN PART AND GRANTED IN PART**. All of the Plaintiffs' claims against Officer Wilson are dismissed except Mr. Morris' claims. Officer Wilson's motion for summary judgment is granted with respect to Mr. Morris' claims for negligence, assault, and unlawful seizure. Officer Wilson's motion for summary judgment is denied with respect to Mr. Morris' excessive force claim under the Fourth Amendment.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this <u>9th</u> day of May, 2006.

                                      s/ Fred Van Sickle
                                       Fred Van Sickle
                                United States District Judge

ORDER GRANTING IN PART AND DENYING IN PARTY DEFENDANT ANDREW WILSON'S MOTION FOR SUMMARY JUDGMENT - 7