UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NICOLE LOGAN, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>WILLIAM WEATHERLY, DAN HARGRAVES;<br>RUBEN HARRIS; DON HERROF; and<br>ANDREW WILSON, et al.,<br><br>        Defendants. | No. CV-04-214-FVS<br><br>ORDER RE: PLAINTIFFS' MOTION TO RECONSIDER DISMISSAL OF CLAIMS FOR DECLARATORY AND INJUNCTIVE RELIEF |

**BEFORE THE COURT** is Defendants' Motion to Reconsider Dismissal of Claims of Declaratory and Injunctive Relief. (Ct. Rec. 144). Plaintiffs are represented by Darrell Cochran and Thaddeus Martin. Defendants are represented by Andrew Cooley, Stewart Estes, Kim Waldbaum and Richard Jolley.

**I. BACKGROUND**

This is a class action arising from the response of the City of Pullman Police Department to an altercation at the Top of China Restaurant and The Attic Nightclub on September 8, 2002. The alleged facts are set forth in detail in the Court's Order Granting in Part and Denying in Part Defendants' Motion for Partial Summary Judgment Re: Qualified Immunity. (Ct. Rec. 240). Plaintiffs seek monetary damages and injunctive relief. Specifically, Plaintiffs seek an order: (1) enjoining the Defendants from discharging pepper spray into

ORDER RE: PLAINTIFFS' MOTION TO RECONSIDER DISMISSAL OF CLAIMS
FOR DECLARATORY AND INJUNCTIVE RELIEF - 1

a confined building; (2) enjoining the defendants from discharging pepper spray without first establishing their physical presence and verbalizing a cease and desist order; (3) ordering the City of Pullman to provide proper training for its officers regarding the use of pepper spray and other gases; (4) ordering the City of Pullman to develop a meaningful, effective and mandatory cultural awareness and diversity training to ensure its officers do not respond inappropriately to situations involving African American or ethnicities other than Caucasians; and (5) awarding the Plaintiffs prospective equitable relief to prevent future misconduct. Amended Complaint, at ¶¶ 10.2-10-7. Prior to the consolidation of the *Arnold* action (CV-03-335-FVS) into this action, the Court granted Defendants' motion for partial summary judgment on Plaintiffs' claims for injunctive relief based on a lack of standing. (Ct. Rec. 137). Plaintiffs move for reconsideration.

**II.  DISCUSSION**

   ***A.   Standard of Review***

The Federal Rules of Civil Procedure do not mention a "motion for reconsideration." Even so, a "motion for reconsideration" is treated as a motion to alter or amend judgment under Rule 59(e) if it is filed within ten days of entry of judgment. *United States v. Nutri-Cology, Inc.*, 982 F.2d 394, 397 (9th Cir.1992). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County, OR v.*

ORDER RE: PLAINTIFFS' MOTION TO RECONSIDER DISMISSAL OF CLAIMS
FOR DECLARATORY AND INJUNCTIVE RELIEF - 2

*AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  Here, Plaintiffs appear to argue there is new evidence the Court should consider.  On that basis, the Court exercises its discretion and reconsiders its Order granting Defendants' motion for partial summary judgment on Plaintiffs' claims for declaratory and injunctive relief.

### B.   Standing to Seek Injunctive Relief

To obtain standing to seek prospective injunctive relief, the Plaintiffs must demonstrate they are "realistically threatened by a repetition of [the violation]." *City of Los Angeles v. Lyons*, 461 U.S. 95, 109, 103 S.Ct. 1660, 1669, 75 L.Ed.2d 675 (1983).  Plaintiffs may demonstrate a sufficient likelihood of future injury in two ways.  First, they may establish that at the time of their injury, the Defendants had a written policy from which the Plaintiffs' injuries stem.  *Hawkins v. Comparet-Cassani*, 251 F.3d 1230, 1237 (9th Cir. 2001).  Second, Plaintiffs may show that their injuries are part of a "pattern of officially sanctioned officer behavior ... violative of [their federal] rights."  *LaDuke v. Nelson*, 762 F.2d 1318, 1324 (9th Cir. 1985).  This second test is met if the Defendants have repeatedly engaged in illegal conduct so that there is a sufficient possibility of the conduct occurring in the future.  *Armstrong v. Davis*, 275 F.3d 849, 861 (9th Cir. 2001).

Applying this law, the Court concluded in its Order that Plaintiffs failed to "create material questions of fact regarding their standing to seek injunctive relief [because they failed to] produce evidence to suggest a pattern of officially sanctioned officer behavior or a written policy from which their injuries stem."  (Ct.

ORDER RE: PLAINTIFFS' MOTION TO RECONSIDER DISMISSAL OF CLAIMS
FOR DECLARATORY AND INJUNCTIVE RELIEF - 3

Rec. 37, at 8). Specifically, the Court noted that it had been "presented with very little evidence of any prior use of pepper spray by Pullman Police Officers before or after September 8, 2002, and no evidence of a written policy pursuant to which the officers may have acted on September 8, 2002." (Ct. Rec. 37, at 3).

### 1. Prior Instances of Improper Behavior

"To create an issue of fact regarding standing, the plaintiff must, at minimum, provide descriptions of multiple instances of improper behavior." (Ct. Rec. 37, at 7) (citing *Hodgers-Durgin v. De La Vina*, 165 F.3d 667 (9th Cir. 1999). The Court previously dismissed Plaintiffs' claims for injunctive relief because Plaintiffs had not presented "evidence sufficient to create a material question of fact as to whether there was a pattern of officially sanctioned improper use of pepper spray by the Pullman Police Department." (Ct. Rec. 37, at 3). In their motion for reconsideration, Plaintiffs present very little new evidence of improper behavior. In fact, a most of the evidence relied upon by Plaintiffs in their motion for reconsideration has already been considered by the Court. As "new" evidence, Plaintiffs assert that the use of pepper spray by Pullman Policy officers "appears to be escalating." Plaintiffs contend the use of force reports for pepper spray demonstrate this problem. However, Plaintiffs have failed to present any new evidence showing that pepper spray has been used by the Pullman Police officers in a discriminatory or illegal manner before or after the incident on September 8, 2002. The use of pepper spray in itself does not necessarily constitute improper behavior. As a way of explaining why they have not produced

ORDER RE: PLAINTIFFS' MOTION TO RECONSIDER DISMISSAL OF CLAIMS FOR DECLARATORY AND INJUNCTIVE RELIEF - 4

any new evidence of improper behavior, Plaintiffs allege the use of force reports provided by Defendants in discovery were "incomplete and misleading." However, these reports are not the subject of any discovery dispute before the Court. Further, Defendants note that of the documented uses of pepper spray by the Pullman Police Department officers from 1998-2004 where the race of the suspects was known, other than the incident at issue in this case, African Americans were subject to pepper spray four (4) times while white individuals were subject to pepper spray at least thirty (30) times. Further, no Plaintiff in this action has alleged improper use of pepper spray against him or her before or after the incident at issue in this case.

The Court concludes Plaintiffs have again failed to show "multiple instances of improper behavior" sufficient to create an issue of fact regarding standing to seek prospective injunctive relief. *See* Ct. Rec. 37, at 7 ("To create an issue of fact regarding standing, the plaintiff must, at minimum, provide descriptions of multiple instances of improper behavior." (citing *Hodgers-Durgin v. De La Vina*, 165 F.3d 667 (9th Cir. 1999)). Plaintiffs have not presented the Court with any new evidence sufficient to create a material question of fact as to whether there was a pattern of officially sanctioned improper use of pepper spray by the Pullman Police Department.

    2. <u>Policy</u>

Plaintiffs may also obtain standing to seek prospective injunctive relief by demonstrating a sufficient likelihood of future injury by establishing that at the time of their injury, Defendants

ORDER RE: PLAINTIFFS' MOTION TO RECONSIDER DISMISSAL OF CLAIMS FOR DECLARATORY AND INJUNCTIVE RELIEF - 5

had a written policy from which the Plaintiffs' injuries stem. *See Hawkins*, 251 F.3d at 1237. Here, Plaintiffs allege the Pullman Police Department's policy that equates the use of pepper spray with a peaceful escort either "encourages or allows" the kind of behavior causing Plaintiffs' injuries. Specifically, Plaintiffs argue the Defendants' "commonplace use of racially discriminatory jokes" viewed together with "Defendants' policy" that equate the use of pepper spray with a peaceful escort shows that the Pullman Police officers' "unconscious racial bias is allowed to motivate officer actions against Plaintiffs and other Pullman citizens." *Pls. Mot. to Reconsider*, at 22. However, Plaintiffs provide no evidentiary support for these conclusory allegations.

The Pullman Police Department Policies and Procedures Manual ("PPD Manual") contains guidelines for the use of force. Chapter 10, titled "Use of Force," states in pertinent part:

> "Use of OC spray applies when a member can legally use force per RCW 9A.16.020. OC spray is incorporated into the member's use of force options. OC spray is considered the same level of force as escorting someone. Members will be required to undergo approved training before being issued and using OC spray. Members will carry only OC spray that is approved and issued by the department. Supervisors may require members to carry OC spray."

PPD Manual, 2002, Ch. 10 § 2.15 *et seq.*, p. 0177. Plaintiffs have not shown that this one line from a 349-page manual represents a formal "policy" with respect to the use of pepper spray. In addition to this section of the PPD Manual, Section 2.2 of Chapter 10, at page 0171, states:

> The use of force upon or toward another person by a member is authorized when necessary in accomplishing a lawful

ORDER RE: PLAINTIFFS' MOTION TO RECONSIDER DISMISSAL OF CLAIMS
FOR DECLARATORY AND INJUNCTIVE RELIEF - 6

> objective consistent with RCW 9A.16.020. Members shall use only the minimum amount of force necessary to effect the lawful purpose intended. The intent of force is not to injure but to ensure compliance with lawful objectives.

The Court previously addressed Plaintiffs' theory that equating the use of pepper spray with an "escort" constitutes an official policy within the Pullman Police Department. *See* Order Granting Defendants' Motion for Summary Judgment Re: Plaintiffs' 1983 Claims. (Ct. Rec. 303). The Court concluded that Plaintiffs had failed to show the Defendant Officers were acting pursuant to a policy when they disbursed pepper spray at the Top of China Restaurant and The Attic nightclub. Plaintiffs have offered no additional evidence showing the Officers were acting pursuant to a policy when they used pepper spray on Plaintiffs.

Plaintiffs point to deposition testimony to argue that within the Pullman Police Department exists a "commonplace use of racially discriminatory jokes" that creates a "workplace culture of racial bias." However, the deposition testimony only refers to jokes the officers exchanged among themselves and there is no evidence that this behavior occurred elsewhere. Further the Pullman Police Department has a policy that explicitly forbids racial discrimination. Moreover, use of racially discriminatory jokes within the workplace is insufficient to show Plaintiffs' injuries stemmed from a "written" policy.

The Court concludes Plaintiffs have not established that at the time of their injury, Defendants had a written policy from which the Plaintiffs' injuries stem. Thus, Plaintiffs do not have standing

ORDER RE: PLAINTIFFS' MOTION TO RECONSIDER DISMISSAL OF CLAIMS
FOR DECLARATORY AND INJUNCTIVE RELIEF - 7

under this theory to seek prospective injunctive relief. *See Hawkins*, 251 F.3d at 1237. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Reconsider Dismissal of Claims for Declaratory and Injunctive Relief (**Ct. Rec. 144**) is **DENIED**

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this 6th day of June, 2006.

*s/ Fred Van Sickle*
Fred Van Sickle
United States District Judge

ORDER RE: PLAINTIFFS' MOTION TO RECONSIDER DISMISSAL OF CLAIMS FOR DECLARATORY AND INJUNCTIVE RELIEF - 8