UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

NICOLE LOGAN, et al.,

        Plaintiffs,

        v.

CITY OF PULLMAN POLICE DEPARTMENT, et. al.,

        Defendants.

No. CV-04-0214-FVS

ORDER STRIKING MOTION FOR RECONSIDERATION

**THIS MATTER** came before the Court on the Defendants' Motion for Reconsideration of Referral to Special Magistrate Re: Plaintiffs' Motion for Sanctions, Ct. Rec. 568. The Plaintiffs are represented by James W. Beck, Thaddeus P. Martin, and Darrell L. Cochran. The Defendants are represented by Andrew G. Cooley, Kimberly J. Waldbaum, Richard B. Jolley, and Stewart A. Estes.

**BACKGROUND**

On June 6, 2006, the Plaintiffs filed a Motion for Sanctions, alleging that defense counsel violated Washington Rule of Professional Conduct Rule 4.2(a) by communicating with Chris Lee, a member of the Plaintiff class, without the permission of class counsel. (Ct. Rec. 508.) In response, the Defendants urged the Court to deny the Motion for Sanctions or, in the alternative, to refer the motion to a Special Master for investigation of the relevant facts. (Ct. Rec. 523 at 2.)

On August 21, 2006, this Court referred the Motion for Sanctions

ORDER STRIKING MOTION FOR RECONSIDERATION- 1

to Magistrate Judge Leavitt for hearing and determination. (Ct. Rec. 547 ¶ 2.)  Judge Leavitt requested supplemental briefing from the parties and conducted at least four hearings between August 31 and October 13.  (Ct. Rec. 550; Ct. Rec. 551; Ct. Rec. 558; Ct. Rec. 563.) On November 7, Judge Leavitt held an evidentiary hearing and took the Plaintiffs' Motion for Sanctions under advisement.  (Ct. Rec. 580.)

On October 23, 2006, the Defendants filed the present Motion for Reconsideration.  The Defendants noted the motion for hearing on November 2 and simultaneously filed a Motion to Shorten Time.  (Ct. Rec. 566.)  The Defendants' brief is 44 pages in length and is accompanied by an Ex Parte Motion For Permission to File an Overlength Brief.  (Ct. Rec. 568; Ct. Rec. 565.)  In their response, the Plaintiffs moved to the strike the Motion for Reconsideration on procedural grounds.  (Ct. Rec. 573.)

**DISCUSSION**

**A.   Notation of Motion for Hearing**

Local Rule 7.1(h) requires an attorney who files a motion to concurrently file a notice setting a time and date for hearing the motion.  Hearings must be set at least 25 days after the filing of the motion unless the court waives the time requirement.  A party seeking waiver of the usual 25 days must "set forth in detail the reasons for an expedited hearing."  L.R. 7.1(h)(6).

The Court finds that the Defendants' delay in filing their Motion for Reconsideration warrants dismissal of the motion.  By waiting to file their Motion for Reconsideration until late October, 11 days before the scheduled evidentiary hearing before Judge Leavitt, the

Defendants forced their opponents to choose between responding to the motion and preparing for the evidentiary hearing.  This choice compromised the Plaintiffs' ability to respond to the motion for reconsideration and to prepare for the evidentiary hearing.  Nor was the late filing of the Motion for Reconsideration justified by the circumstances.  The Defendants had adequate time after September 19, the date Judge Leavitt scheduled the evidentiary hearing for November 7, to file their motion in a timely fashion.  (Ct. Rec. 573 at 4.)  The Defendants' Motion to Expedite, while procedurally proper, could not cure the inconvenience and potential prejudice the motion imposed upon the Plaintiffs.

   **B.   Length of the Motion**

Under Local Rule 7.1(f), memoranda supporting all nondispositive motions may not exceed 10 pages in length without the prior permission of the Court.  The Defendants' Motion for Reconsideration cannot be described as dispositive, as it asks the Court to reconsider, not a substantive decision on the merits, but rather a decision to refer a nondispositive motion to a special master.  The Defendants should accordingly have limited their motion to ten (10) pages in length.

The filing of a motion more than 4 times the length permitted in the Local Rules is a flagrant abuse of this Court's general willingness to accommodate parties who feel the need to file longer briefs.  Concurrently filing a motion requesting permission to file an overlength brief, while generally appreciated as a matter of courtesy, does nothing to offset the inconvenience imposed upon both the

ORDER STRIKING MOTION FOR RECONSIDERATION- 3

opposing party and this Court by excessively long briefs.  In light of the foregoing,

**IT IS HEREBY ORDERED:**

1. The Defendants' Motion for Order Shortening Time, **Ct. Rec. 566,** is **DENIED.**

2. The Defendants' Motion for Permission to File an Overlength Brief, **Ct. Rec. 565,** Is **DENIED.**

3. The Plaintiffs' Motion to Strike, **Ct. Rec. 573,** is **GRANTED.**

4. The Defendants' Motion for Reconsideration of Referral to Special Magistrate Re: Plaintiff's Motion for Sanctions, **Ct. Rec. 568,** is **STRICKEN.**

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this  8th  day of December, 2006.

                                s/ Fred Van Sickle
                                     Fred Van Sickle
                              United States District Judge